## Case No. 14,665.

### UNITED STATES v. BROWN.

### [2 Lowell, 267.] [1]

District Court, D. Massachusetts. July, 1873.

LIMITATION OF ACTIONS—CRIMINAL PROSECUTIONS—ABSENCE OF DEFENDANT—PLEA NOT GUILTY.

1. A mate of a whaling-ship was indicted for beating and wounding one of the crew, more than two years before the date of the indictment. Held, the prosecution was barred by the statute of limitations of 30th April, 1790 (1 Stat. 119), notwithstanding the defendant had been absent from the United States during the whole of the two years after the offence was committed.

2. The statute of 28th February, 1839, § 4 (5 Stat. 322), extending the time for suits and prosecutions for penalties to five years, does not apply to indictments for crimes which may be punished by imprisonment.

3. Whether it applies to any criminal prosecutions, quære?

4. In a trial upon an indictment, the defendant may take advantage of the bar of the statute of limitations, under the plea of not guilty.

The defendant [J. H. Brown] was indicted at the June term, 1873, for beating and wounding, on the high seas, one of the crew of an American vessel, the defendant being the first officer of the vessel. The offence was laid as having been committed in August, 1871; but the evidence was, that the real date was in August or September, 1870. At the trial, the point was reserved, whether the statute of limitations was a bar. The jury found the defendant guilty. The ship was engaged in a whaling voyage when the assault was made, and did not return to the United States until more than two years afterwards.

T. M. Stetson, for defendant. The bar of the statute of 1790 is absolute. There is no exception of absence from the jurisdiction, unless for the purpose of avoiding arrest or prosecution. The statute of 1839 does not apply to a crime of this sort.

E. P. Nettleton, Asst. Dist. Atty., for the United States, suggested that the statute of 1839 extended the time for prosecutions to five years.

LOWELL, District Judge. The thirty-second section of the crimes act of 30th April, 1790 (1 Stat. 119), enacts that no one shall be prosecuted, tried, or punished for any offence not capital, nor for any fine or forfeiture under any penal statute, unless the indictment or information for the same shall be found or instituted within two years from the time of committing the offence or incurring the fine or forfeiture; but this is not to extend to any person fleeing from justice. The statute is a general one, which applies to penal laws enacted since 1790; and a prosecution for a fine or forfeiture includes an action of debt for a pecuniary penalty. Adams v. Woods, 2 Cranch [6 U. S.] 336.

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

It reaches this case, then, and the inquiries are (1) whether the bar has been properly taken advantage of; (2) whether there is any exception in the statute which saves this prosecution; and (3) whether any later statute has modified or repealed that of 1790.

1. I have seen dicta that the statute of limitations must be pleaded. Johnson v. U. S. [Case No. 7,418]; State v. Hussey, 7 Iowa, 409. One of these cases came up on habeas corpus after sentence, and the other on demurrer; and all that was decided in either case, was, that the statute could not be availed of in the mode adopted in that instance. In civil cases, the rule is, that the statute must be pleaded. But to this there is a well-established exception of penal actions. In those, the plaintiff must show that his action accrued within the time, because his only title arises from the prosecution of the action itself. An informer, for example, has no vested right in the penalties, but only a right to bring an action within a certain time. This is the origin of the distinction, and it has been applied to all penal actions. Parsons v. Hunter [Case No. 10,778]; Hodsden v. Harridge, 2 Saund. 63, notes 6 and i; Hawk. P. C. bk. 2, c. 26, § 45. If, therefore, we adopt the analogy of civil pleading, we should not require a special plea in a case involving penalties.

But I do not care to rest the decision on a distinction which appears more nice than logical. I prefer to say that, in criminal cases, the plea of not guilty puts in issue the whole case on both sides. 1 Starkie, Cr. Pl. 340; Archb. Cr. Pl. (17th Ed.) 139; 1 Bish. Cr. Proc. § 799. It is usual to plead matters of record, such as a former conviction or acquittal; but I doubt if even that is necessary. At all events, the statute of limitations need not be specially pleaded. See Bish. St. Cr. § 264, and cases. Acc. U. S. v. Cook, 17 Wall. [84 U. S.] 179, per Clifford, J. I suppose that the dicta referred to merely mean that the bar of the statute is a substantive matter of defence. which must be set up at the trial, or it will be presumed to be waived, or to have been found against the defendant.

2. The defendant was absent from the country during the whole of the two years, and it is said that this statute ought not to begin to run until his return. The only exception in the statute itself is of criminals fleeing from justice; and the mate of a whale-ship, who has merely continued his cruise, does not come within that description. It may have been an oversight in congress not to provide specially for offences on the high seas, where the jurisdiction of the courts and the power to arrest are not practically coextensive; but as they have omitted to enact that the statute should begin to run only when the defendant came within the limits of the country, the courts cannot supply the omission. In the first statute of limitations of civil actions there was no exception of defendants beyond seas, though there was such an exception when plaintiffs were abroad; and the courts have uniformly held, in construing that and other similar statutes, that they could not ingraft exceptions upon the act.

It was suggested in some of the cases that the plaintiff was not without remedy, because he might proceed against an absent defendant by way of outlawry; but the decisions are not really bottomed on that foundation. Swayn v. Stephens, Cro. Car. 333; Hall v. Wybourn, 2 Salk. 420; Beckford v. Wade, 17 Ves. 92. See McIver v. Ragan, 2 Wheat. [15 U. S.] 25. I am informed by a gentleman who represented the government in a similar case before Judge Sprague, that he decided it in accordance with this view.

3. The fourth section of the act of 28th February, 1839 (5 Stat. 322), has been held to extend the time for suing penalties to five years. Stimpson v. Pond [Case No. 13,455]. But it has always been understood that the section applies only to civil actions. The language is not entirely clear. It is, that no suit or prosecution shall be maintained for any penalty or forfeiture, pecuniary or otherwise, unless begun within five years, provided the person of the offender, or the property liable for such penalty or forfeiture, shall, within the same period, be found within the United States, so that the proper process may be served against such person or property therefor. The words, "penalty," "offender," and "prosecution," have some savor of criminality about them: but, construing this section in connection with the third section. as Mr. Justice Curtis did in the case last above cited (that section being in terms confined to civil actions); and considering that the prosecution of a fine or forfeiture had been held in the case in Cranch to be apt words to include a civil action for a penalty, and the great difficulty there would be in bringing all criminal actions, such as piracies, &c., to be embraced within penalties, pecuniary or otherwise; I think the true construction is plain, and that a prosecution for a crime for which the defendant may be hung or imprisoned is not the prosecution for a penalty, pecuniary or otherwise. The latter are intended to refer to specific property, such as ships and goods, which are presently after mentioned as being liable, and the proviso means, that in suits for pecuniary penalties there must have been, within the five years, an opportunity for personal service on the defendant, and in suits for specific forfeitures there must have been a possibility of seizing the property. within the same period. New trial ordered.