RAYMOND (MAYBIN v.). See Case No. 9,-338.

## Case No. 11,596.
### RAYMOND v. UNITED STATES.
[14 Blatchf. 51.] [1]

Circuit Court. S. D. New York. Nov. 18, 1876.

OFFICER—PAYMASTER IN NAVY—ACTION ON BOND—LACHES—REVOCATION—PENAL ACTION—LIMITATIONS.

1. To an action of debt, brought by the United States, on the bond of a surety for a paymaster in the navy, the defendant pleaded matters which amounted to allegations of laches on the part of the United States in their dealings with the paymaster, and also that the defendant had revoked his bond: *Held*, that the pleas were bad.

2. The provision in section 1047 of the Revised Statutes (formerly section 4 of the act of February 28, 1839; 5 Stat. 322) that "no suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States," shall be maintained, unless commenced within five years from the time when the penalty or forfeiture accrued, relates to penalties and forfeitures incurred by infractions of the law, and does not relate to the penal sum named in a bond.

[This was an action of debt by the United States against Charles H. Raymond.]

William H. Arnoux, for plaintiff in error.

George Bliss, Dist. Atty., for defendant in error.

JOHNSON, Circuit Judge. This is a writ of error to the district court, to review a judgment given in that court, for the United States, in an action of debt upon bond, upon a demurrer to the pleas of the defendant in that court, who is now plaintiff in error.

The first of these pleas sets up, as a defence, that Giraud, the paymaster for whom the defendant gave the bond in suit, as surety, obtained from the navy department a

1 [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]

20FED.CAS.—22

leave of absence for three months, and that, in communicating this leave, the proper officer of the department added, referring to a previous direction of the department to Giraud, to render his accounts for settlement as early as practicable: "As you cannot have access to your books and papers on board the Saratoga, the time for the settlement of your accounts will necessarily be delayed." The defendant avers, that, thereby, the plaintiffs lost the moneys then and thereafter in the hands of Giraud.

The second plea avers, that, at a subsequent time, Giraud was possessed of moneys sufficient to meet the demands of the plaintiffs, and was squandering the same, and that the defendant notified the secretary of the navy and the postmaster general thereof, and demanded that they should cause Giraud to be arrested and obtain from him the moneys due the plaintiffs; that they promised the defendant to do so, but did not; and that, by reason of this negligence on the part of the plaintiffs, their loss occurred.

In respect to the first of these pleas, the averment falls short of showing any agreement for time, binding upon the United States. They might at any time have proceeded against Giraud, and he could not have availed himself of the letter from the department as a legal bar to such proceeding. The supposed defence is, therefore, reduced, in the case both of the first and second pleas, to that of laches on the part of the United States. Repeated adjudications have settled that laches cannot, even in favor of a surety, be alleged against the government. U. S. v. Kirkpatrick, 9 Wheat. [22 U. S.] 720, 735; U. S. v. Van Zandt, 11 Wheat. [24 U. S.] 184; U. S. v. Nicholl, 12 Wheat. [25 U. S.] 505; U. S. v. Minturn [Case No. 15,783]; Jones v. U. S., 18 Wall. [85 U. S.] 662. These pleas were correctly adjudged to be bad.

The third plea avers, that, on the 10th of May, 1870, the defendant surrendered and delivered up Giraud to the plaintiffs and revoked his bond; that the plaintiffs accepted the surrender; and that thereby the obligation of the defendant was discharged and cancelled. The bond is not conditioned to be void on the surrender of Giraud to anybody, nor is it perceived how the defendant can revoke his bond by his own act. The plea is, plainly, bad.

The last plea is, that the action did not accrue to the plaintiff within five years next before the commencement of the suit. No statute limiting the right of action upon a bond to five years has been referred to. The 4th section of the act of February 28, 1839 (5 Stat. 322), which now forms section 1047 of the Revised Statutes, is relied upon. That section provides, that "no suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States," shall be maintained, unless commenced within five years from the time when the penalty or forfeiture accrued. This

relates to penalties and forfeitures incurred by infractions of the law, and applies as well to suits as to other forms of prosecution therefor; but a civil action upon a bond grows out of contract, whether it be in favor of the United States or of a private person. A penal sum, named in a bond, is not a penalty, within the statute, and it does not accrue under the laws of the United States, but under the contract of the party.

The judgment must be affirmed.