### CARTER v. NEW ORLEANS & N. E. R. CO.

(Circuit Court of Appeals, Fifth Circuit. January 24, 1906.)

No. 1,460.

1. CARRIERS—INTERSTATE COMMERCE—DISCRIMINATION—SHERMAN ACT—VIOLATION—ACTIONS—LIMITATIONS—STATE STATUTES.

Ann. Code Miss. 1892, § 2741, providing that actions to recover a forfeiture or penalty on a penal statute shall be brought within one year, has no application to an action in the federal court against a common carrier to recover damages for discrimination in violation of Act Cong. Feb. 4, 1887, c. 104, §§ 2, 8, 24 Stat. 379, 382 [U. S. Comp. St. 1901, pp. 3155, 3159] providing that for a violation of the terms of the act the carrier shall be liable to the persons injured for the full amount of damages sustained, and for a reasonable counsel or attorney's fee to be taxed by the court.

2. SAME.

Such action was governed by Rev. St. § 1047 [U. S. Comp. St. 1901, p. 727], providing that no suit or prosecution for any penalty or forfeiture accruing under the laws of the United States shall be maintained, except as otherwise specially provided, unless commenced within five years from the time when the penalty or forfeiture accrued, etc.

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

S. A. Witherspoon, for plaintiff in error.

Jno. W. Fewell, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. This is a suit for damages brought in the Circuit Court of the United States for the Southern District of Mississippi. The damages claimed are alleged to be the result of the violation by the defendant in error of sections 2 and 8 of the act regulating commerce, Act Feb. 4, 1887, c. 104, 24 Stat. 379, 382 [U. S. Comp. St. 1901, pp. 3155, 3159]. Section 2 of said act prohibits any common carrier engaged in interstate commerce by any special rate,

rebate, drawback, or other device, to charge, demand, collect, or receive from any person greater or less compensation for any services rendered or to be rendered, than from any person for whom it does a like and contemporaneous service in the transportation of a like traffic, under substantially similar circumstances and conditions.

Section 8 of the act provides that if the common carrier shall violate the provisions of section 2, it shall be liable to the persons injured thereby for the full amount of damages sustained in consequence of such violation of the provisions of the act, and also for a reasonable counsel or attorney's fee, to be fixed by the court.

After demurrer overruled and answer filed, the defendant below filed a plea of the statute of limitations, and alleged that the cause of action did not accrue within one year next before the bringing of said action, and said action is barred by the statute of limitations of one year, under section 2741 of the Annotated Code of Mississippi of 1892, which reads as follows:

"Action for penalty commenced in one year.—All actions and suits for any penalty or forfeiture on any penal statute brought by any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense was committed, and not after."

To the plea of the statute of limitations, the plaintiff in error demurred on the grounds that the plea sets up no defense to the cause of action. That the action is one for damages resulting to the plaintiff from the acts of the defendant, and is not a suit for any penalty or forfeiture under any penal statute, and therefore section 2741 of the Annotated Code of Mississippi of 1892 has no application; because this section of the Mississippi Code is a limitation of acts and suits for forfeitures and penalties in the state courts, and not in the federal courts; and because section 1047 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 727], is the law fixing the limitation of actions for penalties or forfeitures accruing under the laws of the United States. The demurrer to the plea of the statute of limitations was overruled by the court, and, the plaintiff failing to plead further, final judgment was rendered by the Circuit Court in favor of the defendant, and the suit dismissed. Thereupon the plaintiff below sued out this writ of error and assigns for error that the court erred in overruling the demurrer of the plaintiff to the plea of the statute of limitations interposed by the defendant, and that the court erred in rendering final judgment against the plaintiff and in dismissing said suit.

Conceding that, in the absence of any provision of the act of Congress creating a liability fixing a limitation of time for commencing actions to enforce it, the statute of limitations of a particular state wherein the action is brought is applicable (McClaine v. Rankin, 179 U. S. 158, 25 Sup. Ct. 410, 49 L. Ed. 702), we do not think that section 2741 of the Mississippi Code applies in the present case. If the action is remedial only—that is to recover statutory damages—the terms of that section exclude its application. If the action is one for a forfeiture or penalty, and the act creating the liability fixed no limit of time for commencing the action to recover the penalty, then section

1047 of the Revised Statutes of the United States seems to cover the case. The said section is as follows:

"No suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced within five years from the time when the penalty or forfeiture accrued: Provided, That the person of the offender, or the property liable for such penalty or forfeiture, shall, within the same period, be found within the United States; so that the proper process therefor may be instituted and served against such person or property."

The contention of the defendant in error is that the section 1047 only applies to actions for forfeitures and penalties brought by the United States, and the argument is that the other sections of the same chapter of the Revised Statutes deal only with government prosecutions, and that it is the settled policy of Congress to leave all civil actions brought by one person against another to be controlled by the statutes of limitations of the several states. To support this contention counsel rely upon the remarks of Mr. Justice Brown in Campbell v. Haverhill, 155 U. S. 618, 15 Sup. Ct. 217, 39 L. Ed. 280, which was an action to recover damages for the infringement of a patent, and upon the opinion of Judge Clark in City of Atlanta v. Chattanooga F. & P. Co. (C. C.) 101 Fed. 900, which was an action to recover damages under the Sherman trust act, and here conceded not to have been a suit to recover a penalty.

It is to be observed that the section 1047 was originally enacted as the fourth section of an act entitled "An act in amendment of the acts respecting the judicial system of the United States," approved February 28, 1839 (Act Feb. 28, 1839, c. 36, 5 Stat. 321), and is there disconnected from all specific offenses and regulating acts and in terms covers the present action, if it be one for a penalty, as though made for it, and that the proviso means, as held by Judge Lowell in United States v. Brown, 2 Low. 267, Fed. Cas. No. 14,665:

"That in suits for pecuniary penalties there must have been, within the five years, an opportunity for personal service on the defendant, and in suits for specific forfeitures there must have been a possibility of seizing the property, within the same period."

In Adams v. Woods, 2 Cranch, 336–339, 2 L. Ed. 297, which was an action of debt brought to recover a penalty, Chief Justice Marshal, in commenting on the limitation act (Act April 30, 1790, c. 9, 1 Stat. 119), said:

"It is contended that the prosecutions limited by this law, are those only which are carried on in the form of an indictment or information, and not those where the penalty is demanded by an action of debt. But if the words of the act be examined, they will be found to apply, not to any particular mode of proceeding, but, generally, to any prosecution, trial or punishment for the offense. It is not declared that no indictment shall be found nor information filed for any offense not capital, nor for any fine or forfeiture under any penal statute, unless the same be instituted within the two years after the commission of the offense. In that case the act would be pleadable only in bar of the particular action. But it is declared, that 'no person shall be prosecuted, tried, or punished;' words which show an intention, not merely to limit any particular form of action, but to limit any prosecution whatever.

"It is true that general expressions may be restrained by subsequent particular words which show that in the intention of the Legislature, those general expressions are used in a particular sense, and the argument is a strong one which contends that the latter words describing the remedy imply a restriction on those which precede them. Most frequently they would do so. But in the statute under consideration, a distinct member of the sentence describing one entire class of offenses, would be rendered almost totally useless by the construction insisted on by the attorney for the United States. Almost every fine or forfeiture under a penal statute may be recovered by an action of debt as well as by information; and to declare that the information was barred while the action of debt was left without limitation would be to attribute a capriciousness on this subject to the Legislature, which could not be accounted for; and to declare that the law did not apply to cases on which an action of debt is maintainable would be to overrule express words and to give the statute almost the same construction which it would receive if one distinct member of the sentence was expunged from it. In this particular case the statute which creates the forfeiture does not describe the mode of demanding it; consequently, either debt or information would lie. It would be singular if the one remedy should be barred and the other left unrestrained."

In Stimpson v. Pond, 2 Curt. 502, Fed. Cas. No. 13,455, which was an action of debt brought to recover penalties for marking the word "patent" on an unpatented article, it was held that the fourth section of the act of February 28, 1839 (5 Stat. 322), now section 1047, was applicable.

In United States v. Henry Maillard and Oscar Mussinan, 4 Ben. 459, Fed. Cas. No. 15,709, which was a suit brought to recover the value of certain forfeited merchandise, it was contended that the United States was not embraced within the fourth section of the act of 1839, because not expressly named therein; that to bind them by the limitation of that section would bar them of a right, and would violate the principle of public policy that the government is not to be prejudiced by the negligence of public officers to whose care the public interests are confided, and that it is a settled principle that the government is never barred by an act of limitation unless named therein. Citing United States v. Knight, 14 Pet. 301, 315, 10 L. Ed. 465. But the court held that under the plain language of the section the act was applicable to actions brought by the United States on the ground that the court cannot ingraft on a statute of limitations an exception which the statute itself does not make. And see Raymond v. United States, 14 Blatchf. 51, Fed. Cas. No. 11,596.

In Hatch v. The Boston (D. C.) 3 Fed. 807–810, which was a suit to recover a penalty under section 4465, Rev. St. [U. S. Comp. St. 1901, p. 3046], as follows:

"It shall not be lawful to take on board of any steamer a greater number of passengers than is stated in the certificate of inspection and for every violation of this provision the master or owner shall be liable to any person suing for the same to forfeit the amount of the passage money and ten dollars for each passenger beyond the number allowed."

In which case it was decided that by section 1047, Rev. St., five years from the time when the penalty for forfeiture occurred is the limitation of such suits or prosecutions, and this whether the action is in personam or in rem. We see no good reason to ingraft on section 1047 an exception which the statute itself does not make.

The judgment of the circuit court is reversed, and the cause is remanded, with instructions to sustain the demurrer to the plea of the Mississippi statute of limitations of one year, and otherwise proceed according to law.