LYNE v. DELAWARE, L. & W. R. CO.

(Circuit Court, D. New Jersey. July 9, 1908.)

1. CARRIERS (§ 36*) — DISCRIMINATION — ACTION FOR DAMAGES UNDER INTERSTATE COMMERCE LAW.

A shipper may maintain an action at law under the interstate commerce act of February 4, 1887, c. 104, § 9, 24 Stat. 382 (U. S. Comp. St. 1901, p. 3159), to recover damages from an interstate railroad company because of the giving of a preference or advantage to another shipper by permitting him to keep cars on its terminal tracks without payment of the charges fixed by its schedules while denying the same right to plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 95; Dec. Dig. § 36.*]

2. CARRIERS (§ 36*)—PROCEEDINGS TO ENFORCE INTERSTATE COMMERCE LAW—ACTION FOR DAMAGES.

Two methods of procedure are prescribed for the recovery of damages for violation of the interstate commerce law: One by section 9, Act Feb. 4, 1887, c. 104, 24 Stat. 382 (U. S. Comp. St. 1901, p. 3159), by an action at law; and the other by complaint to the Interstate Commerce Commission under sections 14, 15, 16, as amended by Act June 29, 1906, c. 3591, §§ 3, 4, 5, 34 Stat. 589, 590 (U. S. Comp. St. Supp. 1907, p. 899 et seq.), and the provision of section 16 as so amended, that " all complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues," is merely a limitation as to time upon the second method, and does not deprive a party injured of the right to sue at law.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 36.*]

At Law. On demurrer to declaration.

Everett Colby, for plaintiff.
M. M. Stallman, for defendant.

LANNING, District Judge. The plaintiff seeks to recover from the defendant damages for alleged violations of the interstate commerce law (Act Feb. 4, 1887, c. 104, 24 Stat. 384 [U. S. Comp. St. 1901, p. 3154]). The declaration is demurred to. One of the causes of demurrer is that the declaration fails to state a cause of action. The substantial averments of the declaration are that between November 15, 1901, and November 1, 1906, the defendant's published rate of storage charges was $1 per car per day after the expiration of 48 hours allowed as "free time"; that during the period between November 15, 1901, and November 1, 1906, it granted to Bahrenburg & Bro., business competitors of the plaintiff, the privilege of peddling to their customers from its cars in the Newark freightyard, after the expiration of the "free time," in small lots, potatoes and cabbages, while it denied the same privilege to the plaintiff; that when the plaintiff applied to the defendant for the same privilege granted to Bahrenburg & Bro. he was informed that that firm had a lease for some portion of the freightyard, but that it refused, on his application, to grant to him a similar lease; that, if such lease was in fact granted to Bahrenburg & Bro., it was a device fraudulently to evade the policy of the interstate commerce law; and that, with such discrimination against him, the plaintiff could not successfully compete with Bahrenburg & Bro.

Two methods of procedure for the recovery of damages resulting from the violation of the interstate commerce act are provided. One of them is prescribed in section 9 of the act of February 4, 1887, which authorizes any person claiming to be damaged by a common carrier's violation of the act to bring an original suit at law against the carrier in any District or Circuit Court of the United States of competent jurisdiction. The other method of procedure is prescribed by section 13 of the act of February 4, 1887, and sections 14, 15, and 16 of that act, as amended June 29, 1906, c. 3591, §§ 3, 4, 5, 34 Stat. 589, 590 (U. S. Comp. St. Supp. 1907, pp. 899–902). By this latter procedure an application is made to the Interstate Commerce Commission, who are authorized to investigate the complaint, and, where the facts warrant it, to make an order awarding damages to the complaining party, which order may be enforced by a subsequent suit in a proceeding at law.

The present action is founded on section 9. The question is, do the averments of the declaration make a case cognizable under that section? The best exposition we have of the difference between the two methods of procedure is to be found in Texas & Pacific Railway v. Abiline Cotton Oil Co., 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553. It was there held that there is an indissoluble unity between the provision of the interstate commerce act for the establishment and maintenance of rates until corrected in accordance with the statute and its prohibitions against preferences and discriminations, and that no action can be maintained under the authority of section 9, the judgment in which will disturb the stability and uniformity of schedule rates fixed by the Interstate Commerce Commission. While it was admitted that section 9, when taken alone, might receive a broader construction than that given to it by the court, it was declared that, when

read in connection with the other sections of the act, and in the light of its plain policy, the section must be more narrowly construed than it otherwise would be. "We think," said the court, "that it inevitably follows from the context of the act that the independent right of an individual originally to maintain actions in courts to obtain pecuniary redress for violations of the act conferred by the ninth section must be confined to redress of such wrongs as can, consistently with the context of the act, be redressed by courts without previous action by the commission."

If the present action were one for the recovery of charges made by the defendant company on the ground that they were unreasonable, it could not, as I understand the Cotton Oil Company's Case, be maintained under the authority of section 9. But it seems to me that a judgment for the plaintiff against the defendant in the present case cannot disturb or affect the Interstate Commerce Commission in the exercise of any of its powers. Section 6 of the interstate commerce act, as amended June 29, 1906, provides that every common carrier shall file with the United States Commerce Commission, and print and keep open to public inspection, schedules which, amongst other things, shall "state separately all terminal charges, storage charges, icing charges, and all other charges which the Commission shall require, all privileges and facilities granted or allowed, and any rules or regulations which could in any wise change, affect or determine any part or the aggregate of such aforesaid rates, fares and charges, or the value of the service rendered to the passenger, shipper, or consignee." The declaration avers that the defendant's published rate of storage charges up to November 1, 1906, was $1 per car per day after the expiration of 48 hours allowed as "free time." The complaint is that Bahrenburg & Bro. were allowed to keep cars of produce consigned to them at the Newark freightyard after the expiration of the "free time," while the same privilege was denied to the plaintiff. This, it is alleged, was an undue and unreasonable preference and advantage afforded to Bahrenburg & Bro. in violation of the act and injurious to the plaintiff. I think the declaration is not defective in the respect above referred to.

It is further objected that the action cannot be maintained for the reason that section 16 of the act, as it now stands, provides that "all complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues, and not after, and the petition for the enforcement of an order for the payment of money shall be filed in the Circuit Court within one year from the date of the order, and not after." This provision applies only to the second method of procedure described in the act, and not to a suit instituted under section 9. There is no limitation prescribed by the act for the commencement of a suit under section 9. Whether the time within which an action under section 9 may be commenced is limited by the statute of limitations of New Jersey in accordance with the rule stated in Ratican v. Terminal R. Association (C. C.) 114 Fed. 666, or by section 1047 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 727), in accordance with the rule stated in Carter v. New Orleans & N. E. R. Co., 143 Fed. 99, 74 C. C. A. 293,

170 F.—54

need not be considered. In either case, the present action was commenced in time.

Other objections to the plaintiff's declaration are made which I think cannot be taken advantage of on demurrer. Possibly some of the averments might be stricken out on a motion to that effect. Others of them will have to be dealt with on the trial as the facts are presented. Certainly, the plaintiff cannot be allowed to offer evidence of "inconveniences, hardships, and injuries" which he has not specified. As special demurrers are abolished in New Jersey, the defendant cannot, under a general demurrer, secure the advantage of a special demurrer by assigning special causes. The declaration seems to set forth, though in a manner which the common-law lawyer does not deem very artistic, a case sufficient to call for a defense, if any defense there be. I think there will be no difficulty in pleading to it.

The demurrer will be overruled, and the defendant will be allowed 20 days after service of a copy of the order overruling the demurrer in which to plead.