## CAMPBELL *v.* HAVERHILL.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 87. Argued November 21, 22, 1894. — Decided January 7, 1895.

Where a party excepts to a ruling of the court, but, not standing upon his exception, elects to proceed with the trial, he thereby waives it.

The statutes of limitation of the several States apply to actions at law for the infringement of letters patent.

THIS was an action at law for the infringement of letters patent No. 42,920, issued May 24, 1864, to James Knibbs for an improvement in fire-engine pumps, of which patent plaintiffs were the assignees. The patent expired May 24, 1881. The action was begun May 20, 1887, in the name of Ruel Philbrook and several others, among whom was Christopher

C. Campbell, the plaintiff in error, claiming to be at different times assignees of the patent and of claims for infringements of the same.

Defendant pleaded among other things that "the cause of action mentioned in the plaintiffs' declaration did not occur within six years before the suing out of the plaintiffs' writ."

Upon the trial, the plaintiffs introduced evidence to show that Philbrook, by assignments, had received all the title, as assignee, held by the several assignors to him during the life of the patent, and claimed the right to proceed in one suit in the name of all his prior assignors.

The court ruled that the action could not be maintained, and that Philbrook could not sue in the name of all the assignors, but only in the name of the party or parties who held the entire title to the patent in suit for the time being.

To this ruling the plaintiff Philbrook excepted, and his exception was then and there allowed; and thereupon, by leave of the court, the plaintiff, for the purposes of that trial, discontinued as to all the plaintiffs named in the writ, except Christopher C. Campbell, and proceeded in his name. It was admitted for the purposes of the trial that the entire title in the patent vested in Christopher C. Campbell, individually or as trustee, from the 10th day of October, 1877, to the 20th day of December, 1880, and for the purposes of the trial no claim for damages was made in behalf of said Campbell after December 20, 1880.

The defendant then asked the court to direct a verdict for the defendant on the ground that the action was barred by the statute of limitations of the Commonwealth of Massachusetts, as all claims for action under the admission terminated December 20, 1880, and the writs were dated May 20, 1887, and were served on the 23d day of May, so that more than six years had elapsed. The court acceded to this view, decided that the Massachusetts statute of limitations was a defence to the suit, and directed a verdict for the defendant. Whereupon plaintiff Campbell sued out this writ of error.

*Mr. Harvey D. Hadlock* for plaintiff in error.

*Mr. Frederick P. Fish,* (with whom was *Mr. W. K. Richardson* on the brief,) for defendant in error.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

1. Although the plaintiffs upon the trial excepted to the ruling of the court that Philbrook could not sue in the name of all the assignors, but only in the name of the party or parties who held the title to the patent for the time being, they did not stand upon such exception, but elected to discontinue as to all the plaintiffs except Campbell, and proceeded in his name. We think the plaintiff must be held to abide by his election, and to have waived the first error assigned by him. We have repeatedly held that, where a party upon a trial excepts to a ruling of the court, but does not stand upon such exception, and acquiesces in the ruling and elects to proceed with the trial, he thereby waives his exception. *Grand Trunk Railway* v. *Cummings,* 106 U. S. 700; *Accident Ins. Co.* v. *Crandal,* 120 U. S. 527; *Robertson* v. *Perkins,* 129 U. S. 233; *Columbia & Puget Sound Railroad* v. *Hawthorne,* 144 U. S. 202.

These were all cases in which the defendant moved at the conclusion of the plaintiff's case to take the case from the jury, and upon the court refusing, acquiesced in the ruling and introduced testimony in defence. But in *United States* v. *Boyd,* 5 How. 29, there was a demurrer to a rejoinder, which was sustained by the court below, and the defendant by leave of the court filed an amended rejoinder, and went to trial. Upon writ of error defendant asked this court to revise the judgment of the court below in sustaining the demurrer to the original rejoinder, but it was held that the withdrawal of the demurrer, and going to issue upon the pleading, operated as a waiver of the judgment. "If," said the court, "the defendants had intended to have a review of that judgment on a writ of error, they should have refused to amend the pleadings, and have permitted the judgment on the demurrer to stand." To the same effect are *Cook* v.

*Castner*, 9 Cush. 266, in which the plaintiffs voluntarily changed their form of action, and in the appellate court attempted to show that the original action had been properly begun; *Brown* v. *Saratoga Railroad*, 18 N. Y. 495, wherein the defendant's demurrer to the complaint was overruled with leave to withdraw the demurrer and put in an answer, which was done, and the court said: " When a pleading is amended, the original pleading ceases to be a part of the record, because the party pleading, having the power, has elected to make the change;" *Campbell* v. *Wilcox*, 10 Wall. 421, wherein this court held that the filing of a plea to the merits after a demurrer was overruled, operated as a waiver of the demurrer. To the same effect are *Clearwater* v. *Meredith*, 1 Wall. 25, 42; *Aurora City* v. *West*, 7 Wall. 82, 92; *Young* v. *Martin*, 8 Wall. 354; *Marshall* v. *Vicksburg*, 15 Wall. 146; *Stanton* v. *Embrey*, 93 U. S. 548.

These rulings apply to this case, and render it unnecessary for us to consider the alleged error of the court below in holding that the action could not be maintained by Philbrook.

2. The case then is reduced to the naked question whether the statutes of limitations of the several States apply to actions at law for the infringement of patents.

The question has arisen in a large number of cases, and the Circuit Courts have been nearly equally divided. This is the first time, however, that it has been directly presented to this court. It was most carefully considered by the Circuit Court of Massachusetts, holding in favor of the applicability of the statute, in *Hayden* v. *Oriental Mills*, 15 Fed. Rep. 605, and by the Circuit Court of Connecticut, in *Brickill* v. *City of Hartford*, 49 Fed. Rep. 372, against it. In view of this conflict of opinion, which seems to be wholly irreconcilable, we shall dispose of it as an original question.

Prior to 1870, no Federal statute existed limiting the time in which actions for the infringement of patents must be brought. In the general patent act of that year, however, a clause was inserted in section 55 to the effect that "all actions shall be brought during the term for which the letters patent shall be granted or extended, or within six years

after the expiration thereof." 16 Stat. 206, c. 230. This clause. was omitted, however, in the compilation of the Revised Statutes, and therefore expired after the passage of the Revision, June 22, 1874 — section 5596 enacting that all acts prior to December 1, 1873, any portion of which was embraced in any section of the revision, should be repealed. But under section 5599, the statute was left in force as to all rights of action in existence at the date of its repeal. It follows that the Federal statute of limitation has no application to any infringement committed since June 22, 1874. As no claim was made for infringements in the present case except such as occurred between October 10, 1877, and December 20, 1880, it is obvious that the statute has no application. Does the statute of Massachusetts, requiring actions of tort to be begun within six years from the time the cause of action accrued, operate as a defence to this action?

The argument in favor of the applicability of state statutes is based upon Revised Statutes, § 721, providing that. "the laws of the several States, except, etc.  .  .  . shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply." That this section embraces the statutes of limitations of the several States has been decided by this court in a large number of cases, which are collated in its opinion in *Bauserman* v. *Blunt*, 147 U. S. 647. To the same effect are the still later cases of *Metcalf* v. *Watertown*, 153 U. S. 671, and *Balkam* v. *Woodstock Iron Co.*, 154 U. S. 177. Indeed, to no class of state legislation has the above provision been more steadfastly and consistently applied than to statutes prescribing the time within which actions shall be brought within its jurisdiction.

It is insisted, however, that, by the express terms of section 721, the laws of the several States should be enforced only " in cases where they apply," and that they have no application to causes of action created by Congressional legislation and enforceable only in the Federal courts. The argument is, that the law of the forum can only apply to matters within the jurisdiction of the state courts, and that the recognition given by Congress to the laws of the several States does not

make such laws applicable to suits over which the state courts have no jurisdiction, because for want of jurisdiction over the subject-matter of the suit, the tribunals of the State are powerless to enforce the state statutes with respect to it; in other words, that the States, having no power to create the right or enforce the remedy, have no power to limit such remedy or to legislate in any manner with respect to the subject-matter. But this is rather to assert a distinction than to point out a difference. Doubtless such an argument would apply with peculiar emphasis to statutes, if any such existed, discriminating against causes of action enforceable only in the Federal courts; as if they should apply a limitation of a year to actions for the infringement of patents, while the ordinary limitation of six years was applied to all other actions of tort. In such case it might be plausibly argued that it could never have been intended by Congress that section 721 should apply to statutes passed in manifest hostility to Federal rights or jurisdiction, but only to such as were uniform in their operation upon state and Federal rights and upon state and Federal courts. This question was touched upon incidentally in *Metcalf* v. *Watertown*, 153 U. S. 671, in which it was claimed that the statute of limitations of Wisconsin discriminated against judgments rendered in the Federal courts, but the case went off upon the point that no such discrimination existed. Perhaps under the final words of section 721, " in cases where they apply," the court may have a certain discretion with respect to the enforcement of state statutes such as was exercised by this court in several cases arising under § 914, respecting pleadings and forms and modes of proceeding. *Nudd* v. *Burrows*, 91 U. S. 426; *Indianapolis & St. Louis Railroad* v. *Horst*, 93 U. S. 291; *Phelps* v. *Oaks*, 117 U. S. 236. So, too, it has been held that statutes of limitations must give a party a reasonable time to sue, and if a particular statute should fail to do so it would be within the competency of the courts to declare the same unconstitutional and void. *Koshkonong* v. *Burton*, 104 U. S. 668; *Wheeler* v. *Jackson*, 137 U. S. 245; Cooley on Const. Limitations, c. 11. But as no such discrimination is attempted by this statute,

and no claim made that the time was unreasonably limited, the point need not be further noticed.

Recurring then to the main proposition above stated, it may be well questioned whether there is any sound distinction in principle between cases where the jurisdiction is concurrent and those where it is exclusive in the Federal courts. The section itself neither contains nor suggests such a distinction. The language of the section is general that the laws of the several States shall be regarded as rules of decision in every case to which they apply, and it is at least incumbent upon the plaintiff to show that, for some special reason in the nature of the action itself, the section does not apply. But why should the plaintiff in an action for the infringement of a patent be entitled to a privilege denied to plaintiffs in other actions of tort? If States cannot discriminate against such plaintiffs, why should Congress by its silence be assumed to have discriminated in their favor? Why, too, should the fact that Congress has created the right, limit the defences to which the defendant would otherwise be entitled? Is it not more reasonable to presume that Congress, in authorizing an action for infringement, intended to subject such action to the general laws of the State applicable to actions of a similar nature? In creating a new right and providing a court for the enforcement of such right, must we not presume that Congress intended that the remedy should be enforced in the manner common to like actions within the same jurisdiction?

Unless this be the law, we have the anomaly of a distinct class of actions subject to no limitation whatever; a class of privileged plaintiffs who, in this particular, are outside the pale of the law; and subject to no limitation of time in which they may institute their actions. The result is that users of patented articles, perhaps innocent of any wrong intention, may be fretted by actions brought against them after all their witnesses are dead, and perhaps after all memory of the transaction is lost to them. This cannot have been within the contemplation of the legislative power. As was said by Chief Justice Marshall in *Adams* v. *Woods*, 2 Cranch, 336, 342, of a similar statute: "This would be utterly repugnant to the

genius of our laws. In a country within which not even treason can be prosecuted after the lapse of three years, it can scarcely be supposed that an individual would remain forever liable to a pecuniary forfeiture."

Whatever prejudice there may have been in ancient times against statutes of limitations, it is a cardinal principle of modern law and of this court, that they are to be treated as statutes . of repose, and are not to be construed so as to defeat their obvious intent to secure the prompt enforcement of claims during the lives of the witnesses, and when their recollection may be presumed to be still unimpaired. As was said of the statute of limitations by Mr. Justice Story (*Bell* v. *Morrison*, 1 Pet. 351, 360) : " It is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt, from lapse of time, but to afford security from stale demands, after the true state of the transactions may have been forgotten, or be incapable of explanation, by reason of the death or removal of witnesses." This language is peculiarly applicable to patent cases, in which questions of anticipation frequently rest in oral testimony only, and are required to be proved to the satisfaction of the court by something more than a mere preponderance of evidence.

If these actions be exempted from the state statute of limitations, it would undoubtedly follow that other statutes of a similar nature, adopting the local practice for certain purposes, would be equally inapplicable. Yet it was held by this court in *Vance* v. *Campbell*, 1 Black, 427, *Haussknecht* v. *Claypool*, 1 Black, 431, and in *Wright* v. *Bales*, 2 Black, 535, that, under section 721, rules of evidence prescribed by the laws of the States were obligatory upon the Federal courts in patent cases; and that the plaintiff was a competent witness in his own behalf where, by the law of the State, parties may be sworn.

Indeed, if the local statutes of limitations be not applicable to these actions, it is difficult to see why the process, declarations, and other pleadings in the code States should not be in common law form, notwithstanding section 914, adopting the state practice in that particular; or why attachments should

be permitted, though authorized by state laws, (sec. 915 ;) nor why a *capias ad respondendum* should not issue immediately upon rendition of a judgment, notwithstanding sec. 916, entitling parties recovering judgments to remedies similar to those authorized by state laws; or why parties, arrested or imprisoned upon execution issued in these cases, should be entitled to discharge under sec. 991; or why, in every other respect, the suit should not be conducted regardless of the laws of the particular State.

The truth is that statutes of limitations affect the remedy only, and do not impair the right, and that the settled policy of Congress has been to permit rights created by its statutes to be enforced in the manner and subject to the limitations prescribed by the laws of the several States. As was said by Mr. Justice Wayne in *McElmoyle* v. *Cohen*, 13 Pet. 312, 327: "Is it [the statute of limitations] a plea that settles the right of a party on a contract or judgment, or one that bars the remedy? Whatever diversity of opinion there may be among jurists upon this point, we think it well settled to be a plea to the remedy, and consequently that the *lex fori* must prevail." It was held in that case that the statute of limitations of the State of Georgia could be pleaded in an action brought in the Circuit Court of the United States for the District of Georgia, on a judgment recovered in South Carolina.

Not only is this so, but we have repeatedly held that rights created by Congress are subject to the police power, as well as to the taxing and licensing laws of the several States. In *Patterson* v. *Kentucky*, 97 U. S. 501, it was held that a party to whom letters patent were issued for "an improved burning oil," whereof he claimed to be the inventor, was properly convicted in Kentucky for selling the oil, it having been condemned by the state inspector as unsafe for illuminating purposes, and that the enforcement of the statute interfered with no right conferred by the letters patent. In *Webber* v. *Virginia*, 103 U. S. 344, it was held that the tangible property in which an invention or discovery may be exhibited or carried into effect was properly taxable under the laws of the

State, although a statute requiring an agent for the sale of articles manufactured in other States to obtain a license was unconstitutional, as in conflict with the commerce clause of the Constitution. So, in *Ager* v. *Murray*, 105 U. S. 126, 128, it was held that a patent right might be subjected by bill in equity to the payment of a judgment debt of the patentee. " The provisions of the patent and copyright acts," said the court, " do not exonerate the right and property thereby acquired by him [the patentee] . . . from liability to be subjected by suitable judicial proceedings to the payment of his debts." The rights of a patentee have also been held to pass to an assignee in insolvency under the state law, if the court so orders. *Ashcroft* v. *Walworth*, 1 Holmes, 152; *Barton* v. *White*, 144 Mass. 281; *In re Keach*, 14 R. I. 571. In *Beatty's Administrators* v. *Burnes's Administrators*, 8 Cranch, 98, 107, 108, an action was brought in the Circuit Court for the District of Columbia to recover moneys paid defendant by the city of Washington for land taken by the government. Plaintiffs sought to support their action under a statute of Maryland of 1791. Defendant pleaded the statute of limitations of the State of Maryland. " It is contended," said Mr. Justice Story, " that the present suit, being a statute remedy, is not within the purview of the statute of limitations. But we know of no difference in this particular between a common law and statute right. Each must be pursued according to the general rule of law, unless a different rule be prescribed by statute, and where the remedy is limited to a particular form of action, all the general incidents of that action must attach upon it. Upon any other construction it would follow that the cases would be without any limitation at all. . . . Now the statute of limitations has been emphatically declared a statute of repose, and we should not feel at liberty to break in upon its general construction by allowing an exception which has not acquired the complete sanction of authority." Still nearer in point is *McCluny* v. *Silliman*, 3 Pet. 270, 277, in which the plaintiff sued the defendant, as register of the United States land office in Ohio, for damages for having refused to note on his books applica-

tions made by him for the purchase of land within his district. Defendant pleaded the statute of limitations. Upon writ of error from this court, plaintiff claimed that the statute of limitations of the State was not pleadable in an action brought for malfeasance in office, *especially where the plaintiff's rights accrued to him under a law of Congress.* The statute was held to be a good defence. "In giving a construction to this statute," said the court, "where the action is barred by its denomination, the court cannot look into the cause of action. . . . By bringing his action on the case, the plaintiff has selected the appropriate remedy for the injury complained of. This remedy the statute bars. Can the court then, by referring to the ground of the action, take the case out of the statute?" So, too, causes of action arising under acts of Congress permitting suits to be brought by importers against collectors of customs to recover duties illegally assessed, have always been treated by this court as subject to the statutes of limitations of the several States. *Andreae* v. *Redfield,* 98 U. S. 225; *Barney* v. *Oelrichs,* 138 U. S. 529.

Indeed, it is only within the present century that Congress has vested exclusive jurisdiction of patent causes in the Circuit Courts, since by the act of February 21, 1793, c. 11, § 5, 1 Stat. 318, 322, it was provided that damages in patent suits might be recovered by "action on the case founded on this act, in the Circuit Court of the United States, or any other court having competent jurisdiction." This remained the law until April 17, 1800, when Congress for the first time vested exclusive jurisdiction in the Circuit Courts, but of actions at law only, act of April 17, 1800, c. 25, 2 Stat. 37; and finally by act of February 19, 1819, c. 19, 3 Stat. 481, extended the same jurisdiction to cases in equity. Even upon the theory of the plaintiffs in this case, the statutes of limitations of the States would have been a good defence so long as the jurisdiction was concurrent, but would cease to be so as soon as the jurisdiction of the Federal courts became exclusive. The bare statement of this proposition is sufficient to show its untenableness.

In fine, we are all of the opinion that the statute of limitations was a good plea to this action, and the judgment of the Circuit Court is, therefore,

*Affirmed.*