AMERICAN PNEUMATIC TOOL CO. v. PRATT & WHITNEY CO.

(Circuit Court, D. Connecticut.  January 7, 1901.)

No. 989.

PATENTS—DAMAGES FOR INFRINGEMENT—LIMITATION OF ACTIONS.

Act March 3, 1897 (29 Stat. 694), which limits recovery of damages or profits for infringement of patents to those arising from acts of infringement committed within six years before the filing of the bill or the issuing of the writ, and provides that "this provision shall apply to existing causes of action," is not ambiguous, and, in accordance with its terms, applies to suits for infringement of patents previously issued, and to all actions or suits, regardless of the fact that they may have been delayed to await the determination of test cases involving the same or similar questions.

In Equity.  Suit for infringement of patent.  On plea of limitation.

Kerr, Page & Cooper, for complainant.

Gross, Hyde & Shipman and Elmer P. Howe, for defendant.

TOWNSEND, District Judge.  To the bill alleging infringement of complainant's patent, No. 364,081, for a pneumatic tool, granted May 31, 1887, to Albert J. Bates, defendant has filed a plea which states that the alleged infringing acts were committed more than six years before the filing of the bill; that by virtue of the statute the complainant is not entitled to recover profits or damages; and that, therefore, this court has no jurisdiction of the suit.

The uncontradicted proofs taken in support of the plea show that the manufacture of the infringing tools took place prior to October 1, 1892.  The provisions of the statute on which this defense is based are as follows:

"But in any suit or action brought for the infringement of any patent there shall be no recovery of profits or damages for any infringement committed more than six years before the filing of the bill of complaint or the issuing of the writ in such suit or action; and this provision shall apply to existing causes of action."  29 Stat. p. 694, approved March 3, 1897.

This act took effect January 1, 1898.

The complainant raises two questions of law on said issue, namely:

"(1) Is not the act of March 3, 1897, unconstitutional in the respect that by it the sovereign power deprived a patentee who had contracted with it under the pre-existing patent law of some of the benefits of his contract?  (2) If the law be valid at all, must not it be so construed as not to prejudice pre-existing rights which had arisen under patents, granted prior to the date of its passage?"

It is unnecessary to discuss the ingenious argument as to the first point.  It is the duty of an inferior court in a doubtful case to resolve every doubt in favor of the validity of the action of the legislative branch of the government, and to leave questions of constitutionality to be determined by the appellate court.

As to the second point.  Counsel for complainant contends that said act may be so construed that its terms may be effective as a condition precedent to the grant of subsequent patents without having a retroactive effect upon prior patents.  He suggests that this may be accomplished, first, by construing the clause, "this provision shall apply to existing causes of action," to mean, "shall apply to

causes of action existing at the date when it shall take effect, upon patents granted subsequent to the date of its enactment"; or, second, by reading the act "as providing that action must be brought within the six-year period against each form of infringement, and to suspend the bar as to other parties interested in that form of device while the test case against one is pending."

The arguments in favor of these constructions are supported by various considerations familiar to courts conversant with patent causes. That there are insuperable obstacles in the way of pressing such suits simultaneously against a number of infringers; that having brought such suits it is often impracticable to postpone the hearings in the different circuits; that the strict construction of the statute, therefore, places the owner of a patent at the mercy of infringers,—may well be admitted. The argument of inconvenience is a very strong one, when a statute is fairly open to two constructions. In re Alma Spinning Co., 16 Ch. Div. 686. It is also argued that an amendment to a statute should not be so construed as to defeat the plain intent of the legislature, and that the government, having granted to a patentee certain definite privileges, will not be presumed to have intended to abridge said privileges, in the absence of clear proof. But in the statute in question there seems to be no room for doubt as to construction. The clause, "this provision shall apply to existing causes of action," admits of but one meaning. There is no reference to, or distinction suggested between, dates of various patents or forms of infringement, in the body of the act. The considerations suggested might well be addressed to the legislative department. They furnish no excuse to this court for judicial legislation. This conclusion dispenses with the necessity of considering the defenses of laches, the absence of any allegation of continuance of the infringement or threat to infringe, or the doctrine concerning limitations laid down by the supreme court of the United States in Campbell v. City of Haverhill, 155 U. S. 610, 15 Sup. Ct. 217, 39 L. Ed. 280. The plea is sustained.