ARBUCKLE et al. v. KELLEY et al. ARBUCKLE v. SAME.
JONES v. SAME.

(Circuit Court, E. D. Arkansas, E. D.	March 12, 1906.)

Nos. 138, 141, 142.

1. EQUITY—SUIT TO SET ASIDE TAX SALE—LACHES.

An owner of lands, who permits the same to be sold for taxes when they are of small value, and pays no further attention to them for a period of 18 years, during which time innocent third persons have become purchasers for value and have borne the burden of taxation, is barred by laches from maintaining a suit in equity to recover them from such purchasers after they have become valuable on the ground of technical irregularities in the original sale.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 1593–1597.]

2. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS.

Act Ark. March 18, 1899 (Acts 1899, p. 117, Kirby's Dig. § 5057), which provides, in effect, that unimproved and uninclosed lands shall be deemed and held to be in the possession of the person who pays the taxes thereon, but that no person shall be entitled to invoke the benefit of the act unless he and those under whom he claims shall have paid such taxes for at least seven years in succession, not less than three of such payments have been made subsequent to the passage of the act, is a valid and constitutional statute of limitation, and not subject to attack on the ground that it is retroactive and impairs the obligation of contracts.

3. JUDGMENT—PROCESS TO SUSTAIN—SERVICE BY PUBLICATION—CONFIRMATION OF TAX SALE.

A decree of a state court in Arkansas confirming a tax title held valid as against nonresident defendants, brought in by publication, notwithstanding the failure of the clerk to indorse a proper warning order on the complaint, as required by statute.

In Equity. On demurrers to bills.

Augustin Boice and W. J. Lamb, for complainants.
W. G. Phillips, for defendants.

FINKELNBURG, District Judge. Time will not permit me to go at length into the very numerous questions raised by the briefs in the above-entitled cases; but it is due to counsel that I should at least briefly indicate the main grounds of my decision.

1. In the first place, I am very strongly impressed with the defense of laches in these cases. Briefly stated, it appears that one George Arbuckle, the original owner of these lands, failed to pay the taxes assessed against them for the year 1886. In 1887 they were sold by the tax collector of the county in which they were located. Arbuckle, the delinquent, failed to redeem them, though he had two years time to do so. Having failed to take any steps to redeem, the clerk of the county court in 1890 executed a deed to the purchaser at the tax sale. George Arbuckle thereupon, so far as the complainants show, paid no further attention to the matter, and did nothing towards reclaiming the lands or asserting any ownership over them during the rest of his lifetime. He died in the year 1900. Nor did his heirs and those now claiming under him make any claim until the year 1905, when the present suits were instituted. It will be perceived that, when these suits were brought, a period of 18 years had elapsed since the lands were sold for the nonpayment of taxes, and that during all that time neither the former owner during his lifetime, nor his legal representatives after his death, paid the slightest attention to the subject, nor, so far as the complaints show, did he or they pay any taxes or offer to pay any of the taxes which accrued since the failure to pay in 1886, but permitted others to do so, nor did they make any attempt of any kind to recover these lands, or in any manner indicate a claim of ownership during all that time. The situation is further aggravated by the fact that these lands were of comparatively little value in 1887, when George Arbuckle allowed them to be sold for taxes, but that in the course of time they have grown to be quite valuable, and after various intermediate sales, all of which were duly recorded, they are now held by a purchaser for value, viz., the Michigan Oak Land & Lumber Company, the only real defendant in interest. It seems to me that when a person thus permits lands to be sold for nonpayment of taxes when they are of small value, and does not think it worth while to pay any attention to them for a period of 18 years thereafter, during which time innocent third persons have become purchasers for value and have borne the burden of taxation, and then, when these lands have become quite valuable, seeks to recover them from one who in the meantime has purchased them for value, the situation presents an irresistible case of laches, and that a court of equity will not feel called upon to interfere on account of alleged irregularities in the original tax sale procedings, which took place nearly 20 years ago, and which this court is now asked to put under a glass and examine for the purpose of discovering technical defects. To do so would, I think, be an act of injustice to the present owners.

Chief Justice Fuller said in a case involving a question of laches that courts of equity "will discourage stale demands, for the peace of society, by refusing to interfere where there have been gross laches in prosecuting rights, or where long acquiescence in the assertion of adverse rights has occurred." Hammond v. Hopkins, 143 U. S. 224, 12 Sup. Ct. 418, 36 L. Ed. 134. See, also, Wetzel v. Minnesota R. R. Co., 169 U. S. 237, 18 Sup. Ct. 307, 42 L. Ed. 730; Felix v. Patrick, 145 U. S. 317, 12 Sup. Ct. 862, 36 L. Ed. 719; Hoyt v. Latham, 143 U. S. 553, 12 Sup. Ct. 568, 36 L. Ed. 259; Twin Lick Oil Co. v. Marbury, 91 U. S. 587, 23 L. Ed. 328.

2. It is further my opinion that these cases come under the provisions of the Arkansas statute entitled, "An act for the protection of those who pay taxes on land," approved March 18, 1899 (Acts 1899, p. 117; Kirby's Dig. § 5057), and that said act is a valid and constitutional legislative enactment. The act provides, in substance, that unimproved and uninclosed lands shall be deemed and held to be in the possession of the person who pays the taxes thereon, if he have color of title thereto, but that no person shall be entitled to invoke the benefit of the act unless he and those under whom he claims shall have paid such taxes for at least seven years in succession, and not less than three such payments must be made subsequent to the passage of the act. The above act is attacked on the ground that it is retroactive and impairs the obligation of contracts. But the mere fact that a law is retroactive does not violate any provision of the federal Constitution. In League v. Texas, 184 U. S. 156, 22 Sup. Ct. 475, 46 L. Ed. 478, Mr. Justice Brown says:

"That there exists a general power in the state governments to enact retrospective or retroactive laws is a point too well settled to admit of question at this day. The only limit upon this power in the states by the federal Consitution, and therefore the only source of cognizance or control with respect to that power existing in this court, is the provision that these retrospective laws shall not be such as are technically ex post facto, or such as impair the obligation of contracts."

The phrase "ex post facto" applies to criminal laws only. The remaining question, then, is, does the Arkansas law of 1899 impair the obligation of contracts? The law in question, according to its principal intent and effect, and as construed by the Supreme Court of the state of Arkansas, is a statute of limitations, and as such affects the remedy only. Turner v. New York, 168 U. S. 90, 18 Sup. Ct. 38, 42 L. Ed. 392; Campbell v. Haverhill, 155 U. S. 610, 15 Sup. Ct. 217, 39 L. Ed. 280; Towson v. Denson (Ark.) 86 S. W. 661. In Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365, Mr. Chief Justice Waite says:

"This court has often decided that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect [citing cases]. It is difficult to see why, if the Legislature may prescribe a limitation where none existed before, it may not change one which has already been established. The parties to a contract have no more vested interest in a particular limitation which has been fixed than they have in an unrestrictive right to sue. * * * In all such cases the question is one of reasonableness, and we have, therefore, only to consider whether the time allowed in this statute is, under all the circumstances, reasonable. Of that the Legislature is primarily the judge; and we cannot overrule the decision of that department of the government unless a palpable error has been committed."

And see Turner v. New York, supra; also Cooley on Constitutional Limitations, p. 366.

In my opinion the statute of 1899 gives reasonable time after its enactment for the assertion of adverse rights. See, also, on this subject, Saranac Land & Timber Co. v. New York, 177 U. S. 318, 20 Sup. Ct. 642, 44 L. Ed. 786; Wilson v. Iseminger, 185 U. S. 55, 22 Sup. Ct. 573, 46 L. Ed. 804, and cases there cited. This act has been held valid by the Supreme Court of Arkansas, and this court will also follow the conclusions there arrived at as to its proper construction. See Towson v. Denson (Ark.) 86 S. W. 661.

3. I am further of opinion that the decree of the chancery court of Phillips county confirming the tax title in A. T. McGinnis, under whom the present defendant, the Michigan Oak Land & Lumber Company holds, is valid and therefore conclusive as against the interests of John J. Arbuckle et al. in these lands. This decree is attacked principally on the ground that the "warning order" required by the laws of Arkansas as a preliminary step to bring in a nonresident defendant by publication was not properly made, and that hence the court did not acquire jurisdiction. In Johnson v. Lesser (decided July 29, 1905) 91 S. W. 763, the Supreme Court of Arkansas says;

"The only remaining contention is that the judgment against the nonresident was void because the clerk did not indorse the warning order upon the complaint as the statute requires. But this, also, was an irregularity that did not injure the defendants or affect the jurisdiction of the court."

This seems to be the latest decision on this subject, and whether absolutely binding upon this court or not it commends itself to my judgment, and I adopt the doctrine there laid down.

The first and second grounds of decision above stated apply to all three of the cases, and the third to case No. 138 only. But, the conclusions arrived at being controlling, it becomes unnecessary to dwell on the remaining questions raised in the briefs, all of which have been considered.

For the reasons above stated, the demurrer in each of the cases will be sustained.