8057

PEARL WIGHT, Receiver & c

vs

No. 8057.

SAMUEL ZEMURRAY.

November 14th, 1921 .

Court of Appeal,
Parish of Orleans
FILED 14/21

PEARL WIGHT, Receiver & c

vs

SAMUEL ZEMURRAY

No. 8057.

CHARLES F. CLAIBORNE, JUDGE.

Plaintiff seeks to recover from defendant $228.00 which it avers it refunded to the defendant on the amount of a freight bill on the erroneous belief that it had been an overcharge.

The plaintiff avers that during the months of January to August 7th, 1912 the defendant delivered to it at New Orleans thirty-eight carloads of mixed fruits for shipment to Shreveport and other points in this State according to statements annexed to the petition, upon which the freight and other charges were paid by defendant; that thereafter the defendant made claims for the reimbursement of six dollars on each of the thirty-eight cars, or a total of $228.00 for loading charges, which the defendant alleged petitioner should have "absorbed" or assumed, or deducted, from the bill; that

"petitioner, erroneously believing that there existed a freight tariff authorizing the payment of defendant's claims, when in fact no such tariff existed, paid to defendant in error, the sum of $228 in amounts of $6 each, on the dates and on the cars set forth in detail on the statement hereto annexed and made part hereof and marked Exhibit A ".

Wherefore plaintiff prays for judgment against the defendant for $228.

The citation was served October 31st, 1918.

The defendant pleaded the prescription of one, two, and three years.

The exception was overruled.

On the merits there was judgment for the plaintiff and the

defendant has appealed.

The plea of Prescription of two years is based upon Act 223 of 1914,p 421 in the following words:

"That all actions by or against common carriers for the collection or recovery of erroneous freight charges x x x shall be prescribed by two years, said prescription to run from the date of shipment".

In the case of Campbell vs Haverhill, 155 U. S. 610 (618) the Supreme Court said

"that the settled policy of Congress has been to permit rights created by its statutes to be enforced in the manner and subject to the limitations (of prescription) prescribed by the laws of the several States".

The prescription of three years is founded on Article C. C. 3538 (3503) as follows:

"The following actions are prescribed by three years: x x x that on all other open accounts".

In the suit of Yazoo R. Rd. vs Zemurray, 238 Fed. Rep. 789, the plaintiff sued the defendant for freight; the Circuit Court sustained the plea of prescription of three years.

On the plea of prescription, plaintiff maintains that this is not a suit for freight; but that it is a simple demand for the return of money paid in error, - and therefore prescribed by ten years only.

It is impossible, however, to get away from the fact that the suit is for the recovery of freight money alleged to have been erroneously refunded to the defendant. Whether the freight due was originally paid or not, and whether the amount paid was refunded or not, the gravamen of the suit is for the recovery or refund of freight money, erroneously paid or erroneously refunded. The same questions of law and fact arise in this suit which would have been discussed in an original suit for the freight. The reason of the law applies in both cases. The object of the law is to protect carriers and shippers against stale claims and counter-

22

claims ~~for~~ freight. *concerning* The presumption is that after two years
the persons, papers, and ~~other~~ proofs connected with the ship-
ments and payments of freight would be absent, lost, or des-
troyed, and that there must be an end to possible litigation
concerning questions of freight. As was said by the Supreme
Court in the Campbell case above quoted on page 616 when consig-
nors

> "may be fretted by actions brought against them after
> all their witnesses are dead, and perhaps after all
> memory of the transaction is lost to them".

*Also 8 Ct App 14— So Pac Co vs McMillan*

In support of his claim on the merits, the plaintiff,
in his brief, quotes a formidable array of authorities from State
and Federal Court affirming the following propositions of law:
1o that the carrier may sue either the consignor or the consignee
for freight charges; 2o that it is made the duty of the Railroad
under Federal statutes to collect all undercharges; 3o that the
consignor is primarily liable for freight charges. Conceding all
these propositions to be good law, we fail to preceive what ap-
plication they have to this case if it is one merely to recover
money paid in error. It is not possible that the case should be
one for the recovery of money paid in error, for the purposes of
the prescription pleaded, and one for the collection of freight
charges on the merits. We therefore conclude that this suit is
one for the recovery of the balance of freight claimed to be due,
and as such prescribed by two years.

It is therefore ordered that the judgment herein be re-
versed, and that the exception of prescription of two and three
years be sustained, and that there now be judgment in favor of
defendant dismissing plaintiff's demand -- at its cost in both
Courth.