**OTTO V. HALECK, Plaintiff**

v.

**MORRIS I. SCANLAN, Commissioner Workmen's Compensation Commission, Defendant**

**MA'AMU ESAU WESTERLUND for herself and MOLI WESTERLUND, Intervener**

No. 3253-1975

High Court of American Samoa

Civil Jurisdiction, Trial Division

December 16, 1975

Plaintiff herein requests an injunction restraining enforcement of a compensation order issued by the Workmen's Compensation Commission of American Samoa, dated May 2, 1975. Defendant Scanlan and Intervener Ma'amu Westerlund oppose the issuance of an injunction, asserting, among other arguments, that a proceeding taken under 24 A.S.C. 459 must abide with the statutory limitations period of 24 A.S.C. 458.

This Court agrees with Defendant and Intervener. 24 A.S.C. 458 specifies that a compensation order becomes final thirty days after it is filed in the commissioner's office "... *unless* proceedings for the suspension or setting aside of such order are instituted. ..." (Emphasis ours.) Thus, § 458 is a statute of limitations which precludes an action for suspending or setting aside a compensation order *after* the thirty day limit has expired.

While the statute does not extinguish the right that may exist, it does circumscribe and disallow the remedy. *Campbell v. City of Haverhill* (1895), 155 U.S. 610. As was stated in *Chase Securities Corp. v. Donaldson* (1945), 325 U.S. 304 at page 314,

Statutes of limitations find their justification in necessity and convenience rather than in logic . . . They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay. They have come into the law not through the judicial process but

through legislation [footnote omitted]. They represent a public policy about the privilege to litigate . . . .

The public policy in Workmen's Compensation cases is that a compensation order should be settled and ready to be enforced thirty-one days after it was filed, so as to alleviate any prolonged hardship on the claimant.

Because plaintiff has requested an injunction pursuant to 24 A.S.C. 459 fully six months after the compensation order in this case was filed with the commissioner, this Court finds that it can afford no remedy to plaintiff. The thirty day statute of limitations as enunciated in 24 A.S.C. 458 expired on June 2, 1975.

Wherefore, this complaint for injunction is ordered dismissed.