**UNITED MINE WORKERS OF AMERICA, Petitioner,**

**v.**

**Thomas S. KLEPPE, Secretary of the Interior, Respondent,**

**and**

**Inland Steel Company, Intervenor-Respondent.**

**No. 76–1377.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 5, 1977.

Decided Sept. 13, 1977.

Harrison Combs, Washington, D. C., Steven B. Jacobson, Cambridge, Mass., for petitioner.

Robert E. Kopp, Michael Kimmel, Dept. of Justice, Civ. Div., Appellate Section, Washington, D. C., for respondent.

Before SWYGERT and BAUER, Circuit Judges, and CAMPBELL, Senior District Judge.*

* The Hon. William J. Campbell, United States District Court for the Northern District of Illinois, is sitting by designation. Although Judge Campbell did hear oral argument in this case, he did not participate in the conference of the Court, and this opinion was not submitted to him for approval.

**1260**

BAUER, Circuit Judge.

Petitioner seeks review of an order of the Board of Mine Operations Appeals affirming an administrative law judge's dismissal of a claim for compensation brought under Section 110(a) of the Federal Coal Mine Health and Safety Act, 30 U.S.C. § 820(a), because of petitioner's failure to file the claim within the 45-day period prescribed by a Department of Interior regulation, 43 C.F.R. § 4.561. Petitioner argues (1) that the agency should have looked to the relevant state statute of limitations rather than to its own regulation to determine if the claim had been timely filed; (2) that it was not within the agency's delegated rulemaking power to create a "statute of limitations" period placing a "substantive restriction" on a right created by Congress; and (3) that the limitations period actually prescribed is so unreasonably short as to be arbitrary and capricious. As petitioner has exhausted his administrative remedies under the Act, we have jurisdiction under 30 U.S.C. § 816(a) to review the Board's order. We affirm for the reasons noted below.

I.

Section 110(a) of the Federal Coal Mine Health and Safety Act provides that miners idled by withdrawal orders issued by federal inspectors as a result of an operator's violation of a federal health or safety standard are entitled to compensation from the operator for specified periods during which the mine is closed. 30 U.S.C. § 820(a). Although the statute creates a right to compensation, it does not provide any procedure by which that right may be enforced or any limitations period within which claims for compensation must be filed. However, the Secretary of the Interior, who is charged with responsibility for administering and implementing the provisions of the Act, has promulgated regulations under the rulemaking authority delegated him by 30 U.S.C. § 957 that allow for administrative adjudication of compensation claims and require that such claims be filed "within 45 days after the date of issuance of the withdrawal order which gives rise to the claim," 43 C.F.R. § 4.561.

Petitioner-union, which is authorized by the Secretary's regulations to file compensation claims on behalf of its members, 43 C.F.R. § 4.560(c), brought a claim on behalf of 300 miners idled by a withdrawal order issued by federal mine inspectors on June 21, 1975. Because petitioner's claim was filed on November 25, 1975, about five months after issuance of the withdrawal order from which the claim arose, a Department of Interior administrative law judge dismissed the claim sua sponte as untimely filed under 43 C.F.R. § 4.561. The Board of Mine Operations Appeals affirmed the administrative law judge's order, and petitioner seeks review here.

II.

Petitioner first argues that we must set aside the Board's dismissal of its compensation claim because "state statutes of limitations govern the timeliness of federal causes of action unless Congress has specifically provided otherwise." *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703–04, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966). As Congress did not specify an applicable limitations period for compensation claims in 30 U.S.C. § 820(a), petitioner says that *Hoosier Cardinal* requires that we look to the relevant state statute of limitations rather than to the agency-promulgated regulation to determine the timeliness of its claim.

We agree that petitioner has stated the general rule applied when suit is brought in federal court to enforce a federal cause of action for which Congress has not specified a limitations period. In such cases, courts generally refuse to infer that Congress's silence indicates an intent that the federal claim not be subject to any limitations period for "[t]his would be utter-

ly repugnant to the genius of our laws." *Adams v. Woods*, 2 Cranch. 336, 342, 2 L.Ed. 297 (1805); accord, *Campbell v. Haverhill*, 155 U.S. 610, 616–17, 15 S.Ct. 217, 39 L.Ed. 280 (1895); *Baker v. F. & F. Investment*, 420 F.2d 1191, 1194–95 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 42, 27 L.Ed.2d 49 (1970). Accordingly, the courts imply a limitations period within the interstices of the federal cause of action on the theory that Congress has left the fashioning of this remedial detail of its legislative scheme to judicial determination, *Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1946), and the limitations period implied is normally borrowed from state law whenever adoption of the state limitations period would be consistent with the underlying purposes of Congress's legislative scheme. *Occidental Life Insurance Co. v. EEOC*, —— U.S. ——, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977).

▊ In a case such as this, however, we do not believe the *Hoosier Cardinal* rule calling for reference to state law to determine the timeliness of a federal cause of action has any application. Petitioner has invoked the original jurisdiction, not of any federal court, but of an administrative agency that, pursuant to an express grant of rulemaking authority from Congress, has prescribed a time period for the filing of claims solely for use in its own administrative proceedings. In view of the fact that Congress has entrusted the agency with the power to promulgate any regulations it deems appropriate to carry out the provisions of Congress's legislative scheme, 30 U.S.C. § 957, it would be anomalous for us to infer that Congress intended that state law and not the agency's own regulation governs the timeliness of claims filed with the agency. The rationale underlying *Hoosier Cardinal* cannot obtain here, for reference to state law would be entirely inconsistent with Congress's purpose in committing the intersticial lawmaking responsibility made necessary by the inevitable incompleteness of its regulatory legislation to the expertise of the administrative agency charged with enforcement of the statute. Cf. *United States v. Little Lake Misere*

*Land Co.*, 412 U.S. 580, 592 n.10, 93 S.Ct. 2389, 37 L.Ed.2d 187 (1973). Simply put, by authorizing the agency to act as its surrogate in fashioning the remedial details of its legislative scheme, Congress has "otherwise provided" that state law not be applied in a case such as this. Assuming that the regulation prescribing a time period for the filing of claims within the agency's administrative jurisdiction is itself a valid product of the agency's rulemaking authority under 30 U.S.C. § 957, we have no doubt that the agency must follow its own regulation rather than look to state law to determine the timeliness of petitioner's administrative claim.

### III.

Petitioner next argues that promulgation of a statute of limitations period governing compensation claims authorized by 30 U.S.C. § 820(a) is not within the Secretary of the Interior's power to issue "such regulations as [he] deems appropriate to carry out any provision of this [Act]." 30 U.S.C. § 957. Petitioner's theory is that the Secretary's rulemaking power extends only to procedural matters and does not authorize him to place a substantive restriction on a right created by Congress, such as the statute of limitations period at issue here, which is a "substantive" rather than a "procedural" rule under the authority of *Guaranty Trust v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

▊ We believe the petitioner has wholly mischaracterized the nature of the regulation challenged, which provides only that an "application for compensation shall be filed within 45 days after the date of the withdrawal order which gives rise to the claim." 43 C.F.R. § 4.561. That regulation is not a "statute of limitations" designed to protect mine operators from stale claims, but simply a condition precedent to invocation of the agency's administrative jurisdiction analogous to other procedural rules setting time limits for the filing of pleadings, Fed. R.Civ.P. 12(a), and the taking of appeals from a final judgment, Fed.R.App.P. 4, or

an administrative order, 43 C.F.R. § 4.600. It places no substantive restriction on the right to compensation created by Congress, but merely conditions the availability of the administrative remedy the Secretary has provided pursuant to his rulemaking authority.

It is true that the agency's regulation is analogous to a statute of limitations in the narrow sense that the effect of not complying with the regulation is to defeat petitioner's right to obtain relief in the administrative forum. That the application of the regulation in a particular case has such an effect, however, does not necessarily mean that the time limits prescribed in the regulation constitute a "substantive restriction" on the underlying right petitioner sought to enforce. Cf. *Hanna v. Plumer*, 380 U.S. 460, 468–69, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Baker v. F. & F. Investment Co.*, 420 F.2d 1191, 1194 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 42, 27 L.Ed.2d 49 (1970). The regulation simply conditions petitioner's access to the agency's forum; it does not even purport, as would a statute of limitations, to bar enforcement of petitioner's right to compensation in any other forum once 45 days have elapsed after issuance of the withdrawal order out of which the claim arises.

■ Petitioner's reliance on *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), is misplaced, not only because we are not confronted with a genuine statute of limitations designed to bar the prosecution of stale claims generally, but also because characterization of an agency regulation as either "substantive" or "procedural" is of little help in determining its validity, which must be tested by reference to the scope of the rulemaking authority delegated to the agency by Congress. Where, as here, Congress has given the Secretary of the Interior authority to make such rules as he deems appropriate to carry out the provisions of the statutory scheme, 30 U.S.C. § 957, the relevant question is not whether his regulation is "substantive" or "procedural," but rather whether the regulation is "reasonably relat-

ed to the purposes of the enabling legislation." *Mourning v. Family Publications, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1661, 36 L.Ed.2d 318 (1973).

■ Having so framed the issue, we find it significant that petitioner has not challenged the Secretary of the Interior's power to provide by regulation for the administrative adjudication of compensation claims pursuant to the rulemaking authority delegated him by 30 U.S.C. § 957. As petitioner apparently concedes that the creation of an administrative mechanism for the adjudication of compensation claims is an "appropriate" means of "carrying out [the] provisions of [30 U.S.C. § 820(a)]" within the meaning of 30 U.S.C. § 957, we fail to see how petitioner can reasonably contend that the Secretary has no power to issue incidental regulations governing the timeliness of such claims. It seems clear to us that, implicit in the Secretary's power to establish a method for the administrative adjudication of compensation claims, is the power to determine the limits of the agency's administrative jurisdiction and the conditions under which it will be exercised, including the power to prescribe a reasonable limitations period for the filing of claims. The question thus becomes whether the limitations period for the filing of claims the Secretary actually prescribed is a reasonable one. We turn to that issue now.

### IV.

Petitioner's final arguments attack the reasonableness of the 45-day limitations period prescribed by the Secretary on the ground that it is just too short a period to allow for effective enforcement of the right to compensation granted by 30 U.S.C. § 820(a). According to petitioner, because the Secretary's 45-day filing period begins to run from the day the withdrawal order issues rather than from the end of the pay period in which the compensation claim accrues, the length of pay periods prevalent in the mining industry sometimes forecloses claimants from presenting a timely application for compensation. Moreover, petitioner claims, because the Secretary's limita-

tions period is not tolled by the filing of a contract grievance, the regulation unreasonably interferes with the private settlement of labor disputes favored by federal law, for the 45-day period is too short to allow for the exhaustion of contractual remedies available under the collective bargaining agreement between the miners and the mine operators.

■ We would agree with the petitioner that any filing period prescribed by the Secretary that is so short as to prevent miners from utilizing the administrative machinery set up by the Secretary for enforcement of compensation claims would be of questionable validity, for it would make little sense for the Secretary to create an administrative forum for adjudication of compensation claims and then prescribe a limitations period for the filing of claims that effectively bars any access to it. Such action would be truly arbitrary and capricious. Petitioner, however, has presented no evidence either to the agency or to us supportive of its bald assertion that the length of industry pay periods presents an insurmountable barrier to the filing of timely compensation claims. Simply put, there is nothing of record to suggest that petitioner's failure to comply with the Secretary's limitations period was attributable to matters outside its own control.

Likewise, petitioner has not bothered to make a record supportive of its claim that the Secretary's filing period unreasonably interferes with the private settlement of labor disputes through grievance machinery prescribed by a governing collective bargaining agreement. To be sure, petitioner asserts in its brief that it filed a contract grievance seeking compensation for the wages lost by its miners within 45 days of the withdrawal order out of which its compensation claim arises. Petitioner, however, did not bring that fact to the agency's attention or argue before the agency that the filing of the contract grievance should have tolled the agency's limitations period, as it could have done. In view of the vacuous record before us, we can hardly credit petitioner's unsubstantiated assertion that the Secretary's regulation unreasonably interferes with the private settlement of employee-employer disputes, let alone determine whether the lack of a tolling period designed to allow for the exhaustion of private contractual remedies would give us cause to question the validity of the regulation. *D. C. Transit System, Inc. v. Washington Transit Commission,* 151 U.S.App. D.C. 223, 466 F.2d 394, 413–14, *cert. denied,* 409 U.S. 1086, 93 S.Ct. 688, 34 L.Ed.2d 673 (1972).

■ Regulations promulgated by the head of an executive department under statutory authority to issue such regulations as he deems appropriate to carry out the provisions of the enabling legislation are entitled to a presumption of validity and will not be overturned unless patently arbitrary and capricious or plainly inconsistent with the underlying purposes of the enabling legislation. *Giancana v. Johnson,* 335 F.2d 372, 375 (7th Cir. 1964). Petitioner has a heavy burden to meet in demonstrating the invalidity of the Secretary's regulation. *State of Florida v. Mathews,* 526 F.2d 319, 323 (5th Cir. 1976). We do not believe he has met that burden here.

■ The 45-day period prescribed by the Secretary for the filing of compensation claims does seem on its face to be an unusually short one. On the other hand, prompt adjudication of compensation claims is not an unreasonable goal for the Secretary to seek in view of the strong federal policy favoring relatively rapid resolution of labor disputes. *United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 707, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Moreover, the other limitations periods prescribed in the Act by Congress itself are also very short. Miners who claim to have been discharged in retaliation for attempting to obtain compliance with the health and safety standards set by the Act, for example, must file their petitions for reinstatement with the agency within 30 days of the allegedly illegal discharges, 30 U.S.C. § 820(b), and operators who contest the validity of the withdrawal orders out of which the miner's compensation claims arise

must do so within 30 days of the orders' issuance, 30 U.S.C. § 815(a). Thus, when viewed in the context of the other brief limitations periods specified in the Act by Congress itself, the 45-day period for the filing of compensation claims provided by the Secretary does not appear to be an inherently unreasonable one, and petitioner has not otherwise demonstrated to us that it is. Accordingly, we affirm the order of the Board of Mine Operations Appeals dismissing petitioner's application for administrative relief as untimely filed.

AFFIRMED.