[Civil No. 796.   Filed March 20, 1903.]

[71 Pac. 924.]

## JOSEPH CURTIS et al., Defendants and Appellants, v. BOQUILLAS LAND AND CATTLE COMPANY, a Corporation, Plaintiff and Appellee.

1. APPEAL AND ERROR — RECORD — ABBREVIATED BY STIPULATION—EVI-
DENCE IN RECORD—NOT PRESUMED TO BE ALL THAT WAS INTRO-
DUCED.—Where, by stipulation, the record on appeal was restricted to certain papers, there being no bill of exceptions and no statement of facts or transcript of the evidence, and the judgment recites that witnesses were sworn and testified in behalf of the respective parties, and documentary evidence was introduced and filed, it cannot be assumed that the exhibits and the written stipulation contained in the record constitute all the evidence which the trial court had before it in rendering its judgment.

2. SAME—SAME—SAME—QUESTION PRESENTED.—Where, by stipulation, an abbreviated record was presented on appeal, which was restricted to the judgment-roll, the motion for a new trial and the ruling thereon, a written stipulation as to a part of the evi-

dence of the defendants in the action, certain exhibits, bond on appeal, assignment of errors, and an admission that plaintiff, a corporation, was authorized to do business in the territory, such record presents no matter for the consideration of the appellate court, except the one question, whether the pleadings support the judgment.

3. EJECTMENT—FINDINGS—SUFFICIENCY—REV. STATS. ARIZ. 1887, PAR. 3139, CITED.—In an action of ejectment under the statute, *supra,* providing that ''It shall be sufficient to entitle the plaintiff to recover to show, at the time the action was commenced, the defendant was in possession of the premises claimed, and that the plaintiff had a right to the possession thereof,'' no specific finding of an ouster is essential. Findings that plaintiffs are the owners and entitled to the possession and that defendants have withheld and continue to withhold the possession of the premises from the plaintiff satisfy the statute.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Cochise. F. M. Doan, Judge. Affirmed.

See opinion on rehearing.

The facts are stated in the opinion.

Ben Morgan, for Appellants.

English & Bowman, for Appellee.

THE COURT.—If we could, without violating the fundamental rules of practice, decide this case upon the briefs of counsel, enough could possibly be found therein in the way of statements and admissions, as to the action of the trial court, from which an intelligent review of the case might be made. The record itself, however, and not the briefs of counsel, must be the basis for any review of the case.

By stipulation the record on this appeal was restricted to the following papers, viz.: The judgment-roll, the motion for a new trial and the ruling thereon, a written stipulation as to a part of the evidence of the defendants in the action, certain exhibits, the bond on appeal, an assignment of errors, and an admission that the appellee is a corporation authorized to do business in this territory. There is no bill of exceptions and no statement of facts or transcript of the evidence in the

record. Counsel for appellants, in his brief, has argued the case as though the entire evidence was before us. As the judgment of the court recites that witnesses were sworn and testified in behalf of the respective parties, and documentary evidence introduced and filed, we cannot assume that the exhibits and the written stipulation contained in the record brought to this court constitute all of the evidence which the trial court had before it in rendering its judgment. The abbreviated record on this appeal presents no matter which this court can consider except the one question as to whether the pleadings support the judgment. The complaint contains the usual and ordinary allegations required in an action of ejectment under our statutes. The answer of the defendants is a general denial, and pleas founded upon the various statutes of limitations applying to actions for the possession of real property. The court found that the "plaintiff and its predecessors and grantors in interest, since the first day of January, 1875, have been, and the plaintiff still is, the owner and entitled to the possession of the lands and premises" sued for, and of each and every part and portion thereof; that none of the defendants are entitled to the possession of said lands and premises, or any part or portion thereof; and that the plaintiff is entitled to the immediate possession of the whole of said lands and premises, and to a writ of possession therefor. The court further found that for more than ten years preceding the fourteenth day of December, 1900, the defendants had withheld possession of divers portions of the land sued for from the plaintiff and its grantors and predecessors in interest, and that since said fourteenth day of December, 1900, the annual value of the rents, issues, and profits of that part of said land so withheld from plaintiff by said defendants were certain specific amounts set forth in the finding. The judgment of the court followed the findings, and ordered the restitution of the land sued for, and entered judgment against the defendants for the value, as thus found, of the rents, issues, and profits of the lands withheld by the defendants.

While there is no specific finding of an ouster by any of the defendants, the findings that the plaintiff and its grantors have been the owners and entitled to the possession of the land sued for since the first day of January, 1875, and that

the defendants have since the fourteenth day of December, 1900, withheld possession from the plaintiff and its grantors, and continue to so hold the same, meet the requirements of our statute in force at the time this action was begun. Paragraph 3139 of the Revised Statutes of 1887, reads as follows: "It shall be sufficient to entitle the plaintiff to recover to show at the time the action was commenced, the defendant was in possession of the premises claimed, and that the plaintiff had a right to the possession thereof."

The question whether the evidence was sufficient to establish the ownership of the lands in question by the appellee, and the question whether the defendants had shown peaceable and adverse possession under the statute of limitations set up in their answer, are not presented in the record, and therefore cannot be considered by us.

No error appearing upon the face of the record presented, the judgment of the trial court is affirmed.