# HERRICK *v.* BOQUILLAS LAND AND CATTLE COMPANY.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 105.　Submitted December 7, 1905.—Decided January 2, 1906.

On appeal from the Supreme Court of a Territory the jurisdiction of this court, apart from reviewing exceptions to rulings on evidence, is limited to determining whether the findings support the judgment.

A finding of a territorial court that one of the parties held title to an undivided interest in the land in controversy acquired by conveyance duly made from his grantors to whom the Mexican Government had conveyed it in 1833, by good and sufficient grant, which had in 1900 been recognized and confirmed by the United States Government, is one of fact and sufficient to sustain the conclusion of law that the title to the land is in that party.

A judgment of the Court of Private Land Claims is not only tantamount to a quitclaim from the United States, subject to the rights of third parties, but it is also conclusive as to existence of a record title upon those claiming to hold under rights originating subsequently to the cession of the territory from Mexico and also upon those claiming title by adverse possession.

There was no statute of limitations in Arizona prior to 1901 barring a right of action for the recovery of lands by one claiming title against another holding merely by peaceable and adverse possession, and paragraph 2938, Rev. Stat., Arizona, 1901, requiring such an action to be instituted within ten years after the cause of action accrues has no retroactive effect making it applicable to an action commenced prior to its enactment and under the circumstances of this case.

THE facts are stated in the opinion.

*Mr. Ben Goodrich* for appellant.

*Mr. Francis J. Heney* for appellee.

MR. JUSTICE WHITE delivered the opinion of the court.

This is an action of ejectment, commenced in August, 1901, by the appellee, to recover a tract of land containing 17,355.86

acres, and damages for the alleged unlawful withholding of possession. It was alleged that the plaintiff was the owner and entitled to the possession of the described land, and that title had been in it or in its grantors and predecessors in interest ever since January 1, 1875; and the defendants—thirty in number— were alleged to have unlawfully withheld possession of the premises in dispute from about November 28, 1900. Some of the defendants filed disclaimers or failed to answer. The appellants and others jointly answered, relying solely on rights alleged to result from an asserted adverse possession by each of them of a portion of the demanded premises for more than twenty years prior to the bringing of the action. The case was tried to the court without a jury. The court made findings of fact and stated its conclusions of law thereon. Thereupon judgment was entered in favor of the plaintiff. On appeal, the Supreme Court of the Territory affirmed the judgment; and the opinions delivered on the original hearing and on a rehearing are reported in 71 Pac. Rep. 924 and 76 Pac. Rep. 612. The Supreme Court adopted the findings of fact made by the trial court. The findings thus adopted as to the title and right of possession of the plaintiff were as follows:

"That on the 8th day of May, A. D. 1833, the Mexican Government, by good and sufficient grant conveyed to plaintiff's grantors and predecessors in interest the lands and premises herein described, being the lands and premises in controversy.

"That on the 14th day of December, in the year of our Lord, one thousand and nine hundred, the Government of the United States, by its letters patent, recognized and confirmed the validity of the said grant of lands in plaintiff's complaint, and hereinafter particularly described, to Ygnacio Elias Gonzales and Nepumoceno Felix, and to their heirs, successors in interest and assigns forever; and found and decreed that W. R. Hearst and Phebe A. Hearst had acquired an undivided interest in such lands and premises of the said two grantees.

"That on the 3d day of July, 1901, the said W. R. Hearst and Phebe A. Hearst, by deed in writing, conveyed all of their

said interest in and to the said lands and premises to the plaintiff herein, and that plaintiff has not since disposed of its title so acquired, or any part thereof, to said lands and premises."

In addition, the trial court, among its conclusions of law, incorporated the following:

"That plaintiff and its predecessors and grantors in interest have been since the 1st day of January, 1875, and ever since have been, and still are, the owners and entitled to the possession of the lands and premises in plaintiff's complaint, and hereinafter particularly described, and each and every part and portion thereof."

The Supreme Court of the Territory, in its opinion on the rehearing, held this latter statement to be not a mere conclusion of law but the finding of an ultimate fact, and the court therefore adopted it as part of the findings of fact upon which it based the decree of affirmance. As to possession by the defendants it was found as follows:

"That each and every of said defendants in this cause were, on the 14th of December, 1900, and had been for more than ten years next preceding that date, occupying various portions of the said lands and premises, and each and every of the said defendants who have failed to appear and answer herein have since the last-named date withheld possession of divers portions of said lands and premises from the plaintiff and its grantors and predecessors in interest, and still and now so withhold the same; that since the said December 14, 1900, the annual value of the rents, issues and profits of that part of said lands and premises so withheld from plaintiff, by the said defendants, is as follows, to wit: . . ."

This appeal was prosecuted.

On appeal from the Supreme Court of a Territory our jurisdiction, apart from exceptions duly taken to rulings on the admission or rejection of evidence, is limited to determining whether the findings of fact support the judgment. *Harrison v. Perea,* 168 U. S. 311, 323, and cases cited. As on this record there is no question presented as to rulings of the court in re-

spect to the admission or rejection of evidence, we can alone consider the sufficiency of the findings.

The errors assigned are sixteen in number, and resolve themselves into three classes:

1. Those which assert that the Supreme Court of the Territory refused to consider the findings made by the trial court, and this embraces the first, second and fifth assignments. But these assignments disregard the opinion of the Supreme Court of the Territory delivered on the rehearing, and do not require further notice.

2. Those which question the sufficiency of the evidence to support the findings of fact. These are numbered eight and thirteen, and likewise need not be further referred to, as they address themselves to a matter not open for our consideration.

3. Assignments which in various modes of statement attack the sufficiency of the findings made by the trial court and adopted by the Supreme Court of the Territory, which include all of the assignments not already disposed of.

The contentions concerning the insufficiency of the findings to support the judgment are resolvable into two propositions, which we shall separately consider:

First. That, irrespective of the adequacy or inadequacy of the possession asserted by the defendant below, the findings are insufficient to sustain the legal conclusion of title in the plaintiff. This proposition rests upon the premise that the matter included in the conclusions of law of the trial court, which the Supreme Court held to be a finding of fact, and which it adopted as such, was but a mere conclusion of law, and, therefore, cannot be considered in determining the sufficiency of the findings of fact to sustain the deduction of law made by the court below as to title in the plaintiff. And with this premise it is insisted that if the findings of fact proper are alone considered they are insufficient to establish title in the plaintiff, because, although they show the Mexican grant, and its confirmation and a conveyance by William R. and Phebe A. Hearst to the plaintiff of an undivided interest in the land, the findings fail as against

defendant to show any title whatever in William R. and Phebe Hearst, or in the plaintiff as their grantee, derived from the grantees of the Mexican Government.

Conceding, merely for the sake of argument, the correctness of the premise, we think the proposition based thereon is without merit, since the findings, without reference to the action of the court in adopting the particular finding referred to, sustain as against the defendants the conclusion as to title. Those findings are that the plaintiff held title to an interest in the land in controversy, acquired by reason of a conveyance made on the third day of July, 1901, by William R. and Phebe A. Hearst. They, moreover, established that the land thus conveyed was originally acquired by the predecessors and grantors of the plaintiff through a grant made by the Mexican Government in 1833, and that " on the fourteenth day of December, in the year one thousand nine hundred, the Government of the United States, by its letters patent, recognized and confirmed" said Mexican grant to two named individuals, "and to their heirs, successors in interest and assigns forever; and found and decreed that W. R. Hearst and Phebe A. Hearst had acquired an undivided interest in such lands and premises of the said two grantors."

It is urged that the statement in the finding as to it having been decreed that there was an undivided interest in William R. and Phebe A. Hearst, was adopted from a decree to that effect rendered by the Court of Private Land Claims, established under the act of March 3, 1891. 26 Stat. 854. From this it is deduced that the recital in the patent as to the title in W. R. and Phebe A. Hearst was *res inter alios*, and that in the absence of an express and substantive finding of title in the parties named from the grantee of the Mexican Government the mere recital on the subject in the patent furnished no support whatever for the legal conclusion that there was title. This is based upon the terms of sections 8 and 13 of the act establishing the Court of Private Land Claims, wherein it was provided that the effect of a confirmation of a grant by that court should be .

only to quitclaim the title and not to affect the interests of third parties. But, conceding that the patent as asserted is based on a decree of the Court of Private Land Claims, and that its recitals are controlled by the terms of the act creating that tribunal, the proposition is without merit. *Knight* v. *Land Association*, 142 U. S. 161, 188,-189. In that case, it was held that although a patent which had been issued in consequence of the report of a tribunal appointed by Congress, merely quitclaimed the rights of the United States and saved the rights of third parties, it nevertheless was conclusive as to the existence of a record title upon those claiming to hold under rights which originated subsequent to the cession, and, *a fortiori*, as to a person claiming title by mere possession. By the application of this doctrine it follows that the judgment confirming the land grant and the patent thereunder, which specifically decreed an interest in the confirmed grant to the parties named, was adequate to establish a record title as against persons asserting the character of rights upon which the defendants relied.

Second. It is further insisted that, in view of the finding of the court below as to possession of the defendant for more than ten years prior to the commencement of the action, the findings are inadequate to sustain the legal conclusion of the right of the plaintiff to recover, because of the force and effect of the period of limitation prescribed in paragraph 2938 of the Revised Statutes of Arizona for 1901. That paragraph is as follows:

"Any person who has a right of action for recovery of any lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using and enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward."

The court below held, and its ruling on this subject is not questioned, that prior to the adoption of this revision of the Arizona statutes there was no statute of limitations in that Territory barring a right of action for the recovery of lands by

one claiming title against another holding merely by peaceable and adverse possession. The revision went into effect on September 1, 1901, and the present action was brought a few days prior to such date, viz., on August 26, 1901.

In approaching the question whether paragraph 2938 was applicable to the case, the court below assumed that the effect of the finding as to possession by defendants was to show peaceable and adverse possession by them for the period of ten years. The court, however, decided that under no canon of construction or rule giving a retroactive effect to a new statute of limitation could paragraph 2938 be made to apply to this case. Thus, suggesting the possible constructions which might be claimed for the paragraph, it was said that if construed as absolutely barring causes of action existing at the time of its passage, it was unconstitutional, citing *Sohn* v. *Waterson*, 17 Wall. 596. Further, that even if the statute were construed as providing that all actions existing at the time of the passage of the statute should be barred if not sued upon within the time which elapsed between the date of such passage, and the date fixed for the going into effect thereof, this action was brought within such period and the statute could not operate as a bar, citing *Wrightman* v. *Boone County*, 82 Fed. Rep. 412, and various state decisions therein referred to. And, lastly, it was decided that if the paragraph was construed as not applying to a suit which, though commenced after the passage of the act, was pending at the time the same took effect, the statute had no application, citing *Vreeland* v. *Town of Bergen*, 34 N. J. Law, 438.

We think the Supreme Court of the Territory was clearly right in the views which it thus expressed, and therefore it committed no error in determining that under no possible hypothesis could the limitation prescribed in paragraph 2938 of the Revised Statutes of Arizona operate to bar the plaintiff's action, in view of the findings of fact in respect to the title of plaintiff.

*Affirmed.*