205 U.S. 279 (1907)
GILA BEND RESERVOIR AND IRRIGATION COMPANY
v.
GILA WATER COMPANY.
No. 226 of October term, 1905.
Supreme Court of United States.
Petition submitted October 9, 1906.
Decided April 8, 1907.
APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.
Mr. Hugh T. Taggart and Mr. William C. Prentiss for appellant.
Mr. Charles F. Ainsworth for appellee.
MR. JUSTICE BREWER delivered the opinion of the court.
During the October term, 1905, and on May 14, 1906, 202 U. S 270, the decree of the Supreme Court of the Territory of Arizona in this case was affirmed. On May 26 (the last day *280 of the term) an order was entered which in effect continued the jurisdiction of this court to the present term, giving opportunity to plaintiff in error to present a petition for rehearing during the vacation. That petition was presented, and in the early part of this term, after full consideration, was denied. Subsequently, lest in the confused state of the record it might be supposed by either of the parties that the facts had been misapprehended, we, on January 7, 1907, entered an order withdrawing the memorandum denying the petition for rehearing and granting leave to counsel on both sides to file such additional briefs as they desired. In pursuance of this leave, briefs on both sides have been filed, and we have again examined the record.
This consists of the pleadings, the decree in favor of the defendant, a bill of exceptions divided into two parts  one being a statement of exceptions, and the other a narrative of the "circumstances and evidence"  the decree and opinion of the Supreme Court and a statement of facts prepared for the review by this court. The opinion was filed March 26, 1904, and the statement of facts allowed February 21, 1905, nearly a year after the decision. In addition, there appears a motion made in the Supreme Court by the appellee to strike from the files the abstract of record for several reasons, one of which was that it did not contain the findings of fact and the conclusions of law of the District Court. This is followed by the suggestion of a diminution of the record in what purports to be these findings and conclusions. It does not appear that any action was taken by the Supreme Court upon this motion or any leave given to amend the record by the addition of the findings and conclusions.
We copy in full the statement of facts prepared and allowed by the Supreme Court:
"Statement of facts in this case in the nature of a special verdict made by the Supreme Court of the Territory of Arizona, and also rulings of the court below on the admission and rejection of evidence as excepted to on the foregoing transcript *281 of the record in the above-entitled cause, to be used by appellant herein in its appeal to the Supreme Court of the United States.
"That the above-entitled cause was tried in the court below upon the complaint which was the statement of a cause of action to quiet title to the property described in said complaint against the defendants therein mentioned; the amended answer of the Gila Water Company, one of the said defendants, denying the plaintiff in said complaint being the owner of the property therein described, said defendant further alleging peaceable and adverse possession of the property described in plaintiff's complaint under the title and color of title for more than three years preceding the date of the commencement of the above action, and also alleging peaceable and adverse possession of said property for more than five years before the commencement of the suit, using and enjoying the same, paying taxes thereon, claiming under deeds duly recorded; the cross complaint of said defendant, Gila Water Company, claiming to be the owner in fee simple of all the property described in plaintiff's complaint in said cause, and the answer of appellant herein to said Gila Water Company's cross complaint;
"That all of the other defendants mentioned in said complaint answered and disclaimed any right, title and interest in and to the property described in said complaint;
"That this Supreme Court adopts and makes a part of this statement of facts the bill of exceptions in this case, part I, exceptions, part II, circumstances and evidence, as certified and signed on the 24th day of November, 1902, by Hon. Edward Kent, the presiding judge who tried this cause below, the same as if it were set forth at length herein;
"That no order was made in the court below consolidating the case known as No. 1728 in the trial court and the case known as No. 1996 in the same court, said cases being those the record of which is referred to in the above-mentioned bill of exceptions;
*282 "That the receiver appointed in said case No. 1728 made the sale and executed the deed under which the Gila Water Company, appellee, claims title to the property in dispute; that no order was in terms made extending the receivership in said case No. 1728 to said case No. 1996, the latter case being the one in which said receiver made said sale and by the judgment rendered therein assumed to convey the title to said property; that the only orders made in said case No. 1996 relating to said receivership are those dated May 29, 1894, November 23, 1898, July 21, 1894, November 20, 1894, and January 10, 1895, referred to in said bill of exceptions.
"That from the foregoing record and facts, the court finds that plaintiff and appellant herein, Gila Bend Reservoir and Irrigation Company, a corporation, has not and did not have at the commencement of this action any cause of action in respect to, nor did it have and has not now any right, title or interest in and to the property or any part thereof mentioned and described in the complaint herein; that the defendant appellee, Gila Water Company, a corporation, was at the time of the commencement of this action and is now the owner in fee simple and in possession of all the property mentioned and described in plaintiff's complaint herein."
Appellant invokes the doctrine laid down in Herrick v. Boquillas Cattle Company, 200 U.S. 96, 98; Harrison v. Perea, 168 U.S. 311, 323, and cases cited in the opinion, to the effect that our jurisdiction on an appeal from the Supreme Court of a Territory, "apart from exceptions duly taken to rulings on the admission or rejection of evidence, is limited to determining whether the findings of facts support the judgment." Of course, if there are no findings or statement of facts and no exceptions in respect to the introduction or rejection of testimony, the decree will be affirmed, if responsive to the allegations of the pleadings.
The statement of facts prepared by the Supreme Court, standing by itself, is incomplete, but it is helped by a reference to the bill of exceptions in the trial court, which is adopted *283 and made part of the statement. True, much of the matter in this bill is a mere recital of testimony, but we find in it copies of certain orders and decrees. Putting all together, we are enabled to see clearly the scope of the inquiry. It appears that prior to this litigation two suits were brought in the trial court, one numbered 1728 and the other 1996. The appellant was defendant in the latter. In the first an order was made December 6, 1893, appointing James McMillan receiver of the property now in question. The complaint in suit No. 1996, alleging that the court had already appointed a receiver in the prior case, prayed the appointment of a receiver or an enlargement of the powers of the one then acting, and that he take possession of the property and sell the same to pay the debts. No order appears of record in terms either consolidating the two cases or extending the receivership in case No. 1728 to case No. 1996. A decree was entered in suit No. 1996, of date November 20, 1894, which, after finding the amounts due certain creditors, adjudged and decreed "that James McMillan, the receiver heretofore appointed by this court, and now in possession of said premises, under the orders of this court, proceed to advertise and sell said property and distribute the proceeds as directed in the decree." On January 3, 1895, a report, bearing a double heading, to wit, the titles and headings of both suits Nos. 1728 and 1996, and purporting to be of a sale of the property by James McMillan, receiver, under the order and decree in suit No. 1996, was filed in the court, and on January 10, 1895, an order bearing the same double heading of the two suits was entered, confirming that sale. Subsequently a deed of the property to the purchaser was executed, purporting to be from the receiver duly appointed in the two equity suits, with titles and numbers as above.
The decree in suit No. 1996 was appealed to the territorial and the United States Supreme courts, and affirmed by each of them. The briefs of appellant in the territorial Supreme Court show that the question of the jurisdiction of a court in *284 a particular case over property in its actual possession was not presented. In the brief of appellant filed in this case this statement appears:
"So confident were counsel of the lack of equity in the bill and of reversal by the appellate courts that the fundamental question of jurisdiction, now urged, was overlooked.
"Indeed, the attention of counsel was so centered upon that point and the question of change of venue that in the brief in this court it was even stated that the receiver had been appointed upon motion of the plaintiffs in suit No. 1996, and that the decree therein of November 20, 1894, provided for the appointment of a receiver."
It is now contended that, inasmuch as the question is one of jurisdiction, neither the omission to call attention to the matter in the prior litigation nor the misrecital of fact operates to render the decree in that case res judicata upon the question, but leaves the matter open for present inquiry. Counsel are mistaken. In that litigation the present appellant was the defendant. The property was in the possession of the court, even if held under a prior receivership. The decree directed its sale. It was sold. The sale was confirmed, the deed made and the property delivered to the purchaser. The appellant at least cannot now question the jurisdiction of the court in that suit or the title which it conveyed to the purchaser at the sale. A failure to make a defense by a party who is in court is, generally speaking, equivalent to making a defense and having it overruled.
Further, in the opinion heretofore filed, after referring to the declaration of the Supreme Court of the Territory that the trial "court, by its action, ratified the acts of the receiver in the second suit, and thereby, in effect, extended his power and authority as such receiver to such second suit," we said (p. 274):
"The objection made by the appellant to it is, as we have indicated, that suit No. 1996 was a proceeding in rem, and that the court did not acquire jurisdiction of the property *285 for the reason that it was in the custody of the court in suit No. 1728, and that the court in the latter case did not extend the receivership to the No. 1996, nor consolidate the suits, and, therefore, had no power to order the sale of the property by the receiver in No. 1728.
"This is tantamount to saying that the absence of formal orders by the court must prevail over its essential action. It is clear from the record that the District Court considered the cases pending before it at the same time, considered No. 1996 as the complement of No. 1728, regarded the cases as in fact consolidated, and empowered the receiver appointed in 1728 to sell the property and distribute the proceeds as directed by the decree in 1996."
Nothing further need be added to show that the case was rightly decided. The petition for a rehearing is
Denied.
MR. JUSTICE MOODY took no part in the decision of this case.