## ECLIPSE LUMBER CO. v. IOWA LOAN & TRUST CO. et al.

### No. 8456.

Circuit Court of Appeals, Eighth Circuit.

Jan. 18, 1930.

E. L. Miller, of Clinton, Iowa, for appellant.

William E. Miller, of Des Moines, Iowa, for appellee Iowa Loan & Trust Co.

William M. McLaughlin and William E. Miller, both of Des Moines, Iowa, for appellee Southern Surety Co.

W. A. Smith and F. A. O'Connor, both of Dubuque, Iowa, for appellee City of Waukon.

Before BOOTH, Circuit Judge, and SANBORN and DEWEY, District Judges.

SANBORN, District Judge.

The City of Waukon, Iowa, in July, 1922, contracted with Thomas Carey & Sons for the construction of public improvements. The Eclipse Lumber Company furnished material to the contractor. The work was completed November 30, 1923, and accepted by the city December 14, 1923. At that time there was due the Lumber Company, for materials furnished, $11,462.15 with interest, no part of which has been paid.

Section 3102, 1897 Code of Iowa, gave to every person furnishing material for the construction of public improvements a claim against the municipality for the value of the material, not to exceed the contract price to be paid for the improvement. The law originally provided for the filing of the claim within thirty days from the completion of the improvement, and for priority of claims in the order filed.

The Lumber Company duly filed its claim. At the time its cause of action matured as against the city, the Iowa Code of 1897 was in effect. On October 28, 1924, the "Code of Iowa, 1924," became effective. On February 20, 1926, the Lumber Company, as plaintiff, filed its bill of complaint in the District Court of the United States for the Northern district of Iowa to enforce its claim against the city and to have determined the amount and priority of the claims filed against the city, as provided by section 3103 of the 1897 Code.

The city of Waukon, the Iowa Loan & Trust Company, assignee of the contractor, and the Southern Surety Company, the surety of the contractor, each filed separate answers, and each alleged, among other things,

that the cause of action of the plaintiff, appellant here, was barred by the statute of limitations. The facts were stipulated

The District Court decided that the action was barred by the statute, saying:

"From the pleadings, stipulation, and admissions of counsel in argument, the Court is convinced that there is a single determinative question presented by the plea of the statute of limitations. Without proceeding to a discussion of the case at length, I am of opinion that the plaintiff's cause of action is barred by section 10313 of the present Code of Iowa, 1927, being a similar numbered section of the Code of 1924. No decision of the Supreme Court of Iowa deciding whether this section is applicable to causes of action existing at and prior to its adoption has been called to my attention. I am therefore led to apply the doctrine as I conceive it held first in Sohn v. Waterson, 17 Wall. (84 U. S.) 596, 21 L. Ed. 737, and followed many times by the Supreme Court of the United States among which are, Herrick v. Boquillas Land & Cattle Co., 200 U. S. 96, 26 S. Ct. 192, 50 L. Ed. 388; Union Pacific R. Co. v. Laramie Stock Yards, 231 U. S. 190, 34 S. Ct. 101, 58 L. Ed. 179, and to hold, that whether it be supposed that no applicable statute of limitations previously existed, or whether the two years statute relative to mechanic's liens applied, or one of the sections providing for a longer period, that it was the legislative intent that Section 10,414 should apply to existing causes of action, and that the new period of limitation would commence when the cause of action was first subjected to the operation of the new statute. Applying this rule, the plaintiff's cause of action was barred at the time it filed its bill. It therefore follows that plaintiff's bill should be dismissed."

From the decree of dismissal the plaintiff appeals.

█ Section 3103, Code of 1897, under which the action was brought, provided:

"Any party in interest may cause an adjudication of the amount, priority and mode and time of payment of such claim, by an equitable action in the district court of the proper county."

The only question which we are called upon to determine is, whether, under the laws of Iowa, the plaintiff's right to bring its action was barred.

Section 3447 of the 1897 Code provided:

"Period of [Limitation of Actions]. Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * *

"4. Mechanic's lien. Those to enforce a mechanic's lien, within two years from the expiration of the thirty or ninety days, as the case may be, for filing the claim as provided in the law relative to mechanics' liens. * * *

"6. Unwritten contracts—injuries to property—fraud—other actions. Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years."

The defendants claim that, when its cause of action accrued, the plaintiff had but two years to bring its suit, by virtue of paragraph 4 above, for the reason that this statutory action must be construed to be one to enforce a mechanic's lien. They argue that, while the original act to protect subcontractors on public works by giving them a claim against the municipality, to be enforced by an equitable action, was an independent act, it was thereafter carried forward and incorporated into Title 15, c. 8, of "Mechanics' Liens," §§ 3102 and 3103, Code of 1897; that the 38th General Assembly, c. 380 (approved April 25, 1919), having amended section 3102 (Code 1897) by enlarging the time for the filing of the claim by the subcontractor with the municipality from thirty to sixty days, the 39th General Assembly, in chapter 27 (approved March 8, 1921), amended paragraph 4, §' 3447, Code 1897 (the statute of limitations relating to mechanics' liens), by substituting the word "sixty" for the word "thirty" thus classifying the sections upon which the plaintiff relies as a part of the law relating to mechanics' liens.

If this is an action to enforce a mechanic's lien, it was barred by the statute.

With reference to causes of action arising under section 3102 of the 1897 Code, the Supreme Court of Iowa has said:

"When an enforceable claim arises, under section 3102, in relation to public corporations or public buildings, the idea of a lien either upon the building or on the fund is expressly excluded, and the demand is of a direct or personal nature against the corporation, which has been made liable by the compliance of the contractor with the provisions of the statute, before such corporation has paid the principal contractor according

to the terms of the contract." Swearingen Lumber Co. v. Wash. School Township, 125 Iowa, 283, 288, 99 N. W. 730, 731.

"The statute (Code, § 3102) is intended to provide for one who furnishes labor or materials to a contractor upon a public work a remedy having some analogy to a mechanic's lien. But it does not create any lien. It provides that by taking the proper steps within due time, the claimant may, in effect, be substituted for the contractor, and recover from the municipal corporation to the extent of his just demand, if there be found in the hands of the corporation any moneys due to such contractor." Modern Steel Structural Co. v. Van Buren County, 126 Iowa, 606, 620, 102 N. W. 536, 540.

"But, when the subcontractor does avail himself of the provisions of this section and does comply with its formal requirements, then a personal liability is created against the public corporation, to the extent of the amount of money then in its hands, preference being given to subcontractors in the order of their filing in pursuance of this statute." Wackerbarth & Blamer Co. v. Independent School Dist., 157 Iowa, 614, 619, 138 N. W. 470, 472.

The statutory action to enforce the claim given by section 3102 is not an action to enforce a mechanic's lien, there being no lien to enforce. It may be somewhat analogous to, but is really in lieu of, a mechanic's lien.

While the general rule is that statutes of limitation are to be given a liberal construction as statutes of repose (Croxall v. Shererd, 5 Wall. 268, 18 L. Ed. 572; Campbell v. Haverhill, 155 U. S. 610, 15 S. Ct. 217, 39 L. Ed. 280; Shepherd v. Thompson, 122 U. S. 231, 7 S. Ct. 1229, 30 L. Ed. 1156), they are not to be extended to cases not within their provisions. 37 C. J. 691; Kirkman v. Hamilton, 6 Pet. 20, 22, 8 L. Ed. 305; Davis v. Mills (C. C. A.) 121 F. 703; Ill. Central R. Co. v. S. Segari & Co. (D. C.) 205 F. 998.

A statute limiting the time to bring an action to enforce a mechanic's lien cannot be extended, by construction, to include within its terms the equitable action, authorized by section 3103, given to persons who can have no mechanics' liens. Where the language of a statute is plain, there is no room for construction. Hamilton v. Rathbone, 175 U. S. 414, 419, 20 S. Ct. 155, 44 L. Ed. 219; Caminetti v. United States, 242 U. S. 470, 485, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; United States v. Standard Brewery, Inc., 251 U. S. 210, 217, 40 S. Ct. 139, 64 L. Ed. 229.

It therefore appears that prior to the effective date of the Code of 1924, the plaintiff had five years in which to bring suit upon its claim, and not two years as asserted by the defendants.

The next question is whether the Code of 1924 cut off or reduced that time.

Chapter 452 of the 1924 Code provided a new plan for the protection of laborers and materialmen on public works. It required a bond from the contractor conditioned for the faithful performance of the contract, and the payment of claims for labor and material. It provided for retained percentages which should constitute a fund for the payment of such claims. It fixed the time within which such claims might be filed. It provided that any laborer or materialman who had filed his claim might, at any time after thirty days, and not later than six months, following the completion and final acceptance of the improvement, bring an action in equity in the county where the improvement was located to adjudicate all rights to the fund and to enforce liability upon the bond.

Section 10314 of the 1924 Code provided:

"Parties. The official board or officer letting the contract, the principal contractor, all claimants for labor and material who have filed their claim, and the surety on any bond given for the performance of the contract shall be joined as plaintiffs or defendants."

There was, after the enactment of the 1924 Code, no longer any personal liability to be enforced against the public corporation by laborers or materialmen, and it is apparent that the action against the fund and upon the bond therein provided for was not the former statutory action against the municipality. The cause of action provided for in the 1897 Code is an entirely independent and distinct cause of action from that provided for by the 1924 Code. Prior to the time of the enactment of the 1924 Code, the remedy given to laborers and materialmen thereby had never existed. The six months' limitation imposed by section 10313 of the 1924 Code is upon actions in equity "to adjudicate all rights to said fund, or to enforce liability on said bond." The plaintiff here brings no action to adjudicate any rights to any fund or to enforce liability upon any bond given pursuant to that section. The Legislature expressed no intention to impose any other or further limitation upon ac-

tions brought under section 3103 of the 1897 Code, than already existed at the time the plaintiff's cause of action accrued.

In Francesconi v. Independent School Dist., 204 Iowa, 308, on page 311, 214 N. W. 882, 884, decided in 1927, the Supreme Court of Iowa, speaking of section 3103 of the Code of 1897, says: "The provisions of this section are combined with the provisions of section 2, c. 347 [Acts of the Thirty-eighth General Assembly], and in the Code of 1924 are codified as section 10313. The statute makes no specific provision as to the time within which an action under section 3103 might be brought." The court also says, on page 313 of 204 Iowa, 214 N. W. 882, 885: "There is nothing in the provisions of chapter 452, Code 1924, to indicate an intention on the part of the Legislature that it is to be given retroactive effect."

Chapter 347, Acts 38th General Assembly of Iowa, approved April 24, 1919, allowed the plaintiff only six months to bring an action upon the bond of the Southern Surety Company, hence that defendant was entitled to a dismissal.

The decree is reversed, except as to the appellee Southern Surety Company, and the case is remanded for further proceedings not inconsistent with this opinion.