## UNITED STATES v. UNION PLANTERS NAT. BANK & TRUST CO. et al.

## UNITED STATES v. NATIONAL BANK OF COMMERCE IN MEMPHIS et al.

### Nos. 12669, 12670.

United States Court of Appeals
Fifth Circuit.

June 29, 1949.

Chester L. Sumners, U. S. Atty., Oxford Miss., Paul A. Sweeney, Attorney, Dept. of Justice, Washington, D. C., for appellant.

Hamilton E. Little, Memphis, Tenn., C. R. Bolton, Tupelo, Miss., for appellees.

Before HUTCHESON, SIBLEY and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Suing to recover on guaranties of prior endorsements, the United States brought these suits against banks which had taken checks drawn on the Treasurer of the United States and, endorsing them, "All prior endorsements guaranteed", had presented them for, and received, payment.

The claims were that the signatures and endorsements on the checks were not the genuine signatures of the payees but were forgeries, and the defendants, when they presented the checks had no valid or legal title thereto.

The defenses were a general denial, negligence on the Government's part in failing to discover the forgeries earlier and estoppel, therefore, to pursue the banks because of the forgeries, laches, limitations under state statutes, and, finally, "that plaintiff's claim as to each and all of said checks is barred by the Act of March 6, 1946, public 308, 79th Congress, 31 U.S.C., Secs. 129–131 [31 U.S.C.A. §§ 129–131]." [1]

On motions for summary judgments, the District Judge sustained the last defense and dismissed the complaints with prejudice.

The United States has appealed, presenting the single question, whether the invoked act bars claims of the United States arising out of forged endorsements on Government checks paid more than six

[1] "Sec. 1. No proceeding in any court shall be brought by the United States or by any agency or official of the United States to enforce the liability of any endorser, transferor, or depositary, or financial agent, arising out of a forged or unauthorized signature or endorsement upon or alteration of any check, checks, warrant, or warrants issued by the Secretary of the Treasury, the Postmaster General, the Treasurer and Assistant Treasurers of the United States, or by disbursing officers and agents of the United States, unless such proceeding is commenced within six years after the presentation to the Treasurer of the United States or other drawee of such issued checks or warrants for payment of such check, checks, warrant, or warrants, or unless within that period written notice shall have been given by the United States or an agency thereof to such endorser, transferor, or depositary, or financial agent of a claim on account of such liability. Unless a court proceeding shall have been brought or such notice given within the period prescribed in this section, any claim against such endorser, transferor, or depositary, or financial agent on account of such liability shall be forever barred: * * *." 29 U.S.C.A. § 129.

years prior to its enactment when written notice of liability was, as here, given endorsers before the passage of the act, although not within six years after the date of presentation for payment, as provided in it.

In its brief, the Government concedes, as it must, that if the statute has retroactive application, the judgments were right and must be affirmed. It relies, though, on the normal presumption against retroactivity of statutes and invokes the well settled rule that, unless there is a clear legislative mandate to the contrary, laws are presumed to operate prospectively only.

Appellees, standing firmly on the statute, call to our attention the clear and comprehensive provisions of its first sentence, "That no proceeding in any court shall be brought * * * unless such proceeding is commenced within six years after presentation to the Treasurer * * * or unless within that period written notice shall have been given by the United States * * *", and of the second sentence,

"Unless a court proceeding shall have been brought or such notice given within the period prescribed herein, any claim against such endorser * * * shall be forever barred".

Further, in support of this firm stand, they quote from the House Committee report[2] language which they say leaves in no doubt that the statute was written to, and does, carry out the purpose of congress to give relief from old claims of the kind sued on here, unless suits have been commenced on, or written notice has been given of, them within six years after the presentation to the Treasurer of the United States or other drawee.

Urging upon us that the language of the statute, standing alone and as illumined by the committee report, makes it clear beyond any kind of doubt that the claims in suit are barred by its provisions, they insist that it renders completely unnecessary resort to the fine spun construction and interpretation the United States, in its brief, urges upon us.

---

[2] "The general purpose of this legislation is to provide relief for banks, merchants, and others handling Government checks by limiting the time within which the Government may bring action to recover the proceeds of such checks by reason of a forged endorsement or unauthorized signature. * * * The need for ameliorative legislation is obvious. The Government today is issuing hitherto unheard of numbers of checks and warrants running into the hundreds of millions each year. No termination of the liability of endorsers, banks, and others now exists with respect to endorsements of such checks and warrants. By virtue of the endorsements on the checks and warrants guaranteeing or warranting the genuineness of prior endorsements the endorsers, banks and others, are confronted with the possibility of being called upon many years thereafter to refund the amounts of checks and warrants belatedly found to bear forged or unauthorized endorsements. The present legislation, in effect, bars the United States from enforcing any claim arising out of the forged or unauthorized signatures or endorsements upon or alteration of Government checks or warrants against any endorser, transferor, depositary, or financial agent unless the United States or an agency thereof has given written notice of such claim to, or has commenced court proceedings against, such endorser, transferor, depositary, or financial agent within 6 years from the presentation of the checks or warrants to the Treasurer of the United States or other drawee for payment. * * *

"The enactment of the present legislation (H. R. 129) will afford those assisting the United States in the satisfaction of its obligations by cashing Government checks, protection of a nature which the Government itself receives under existing law with respect to claims against it. * * * In recent years large numbers of Government checks have issued to payees who after the termination of the war will return to or move to localities other than where the checks were cashed. With the passing of time such payees will become increasingly difficult to locate. Likewise, merchants and others through whom the checks passed may either no longer be available to the banks or for various other reasons may be in such position as to render whatever right of redress the banks may have against such individuals of no practical value. Hence, when called upon to make good checks found to have been negotiated upon forged or unauthorized endorsements, the full financial consequences of the refund required on such checks will fall on the banks and other permanently established institutions."

To the point labored by the United States, that since it is an established canon of construction "that an act which merely limits the time within which an action shall be brought is not susceptible of the construction which shall make it apply to a suit pending at the time such act takes effect "[3], and notice had been given of these claims before the statute's enactment, the same principle should save them from the operation of the statute, appellees reply, "In the cases at bar it is an undisputed fact that suit was not pending against the United States when the act was passed nor was the notice relied on given within the six years after presentation to the Treasurer required by the act, the principle invoked and cases cited by the United States are, therefore, without application here."

We agree with appellees and with the District Judge that the statute is a bar to the bringing and the prosecution of the suits. We think, too, that this so plainly appears from the face of the statute in the light of the committee report as to render further argument and discussion unnecessary.

The judgments were right. They are affirmed.

---

[3] State v. Town of Bergen, 34 N.J. L. 438; United States v. St. Louis, San Francisco & Texas R. Co., 270 U.S. 1, 46 S.Ct. 182, 70 L.Ed. 435; Herrick v. Boquillas Land & Cattle Co., 200 U.S. 96, 26 S.Ct. 192, 50 L.Ed. 388; Blackburn v. Irvine, 3 Cir., 205 F. 217.